NACEPF
NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION INC.
2419 Hartford Avenue, Johnston, RI 02919-1719 • Tel. (401) 934-1100 • Fax (401) 934-2240

A Lay Educational Foundation

*Is accredited by The Accrediting Commission International For Schools, Colleges and Theological Seminaries.*

July 6, 2006

Mr. Kenneth Carberry, Pres.
Kurt Carberry, Operation Mgr.
Carter Broadcasting. Inc.
20 Park Plaza, Suite 720
Boston, MA 02116
Tel: 617-423-0210

Via Federal Express

Dear Ken and Kurt,

Carter Communications, Inc. ("Carter") and the North American Catholic Educational Programming Foundation, Inc. ("NACEPF") have spoken numerous times over the years-- the last time being the so-called Fr. Joseph Fessio, SJ et al "buyout attempt" debacle of Carter's radio stations in the 90s when you and I spoke at length. Although NACEPF is the licensee for several hundred EBS stations (formally ITFS -Instructional Television Fixed Service) in over 25 states, locally, in Providence, RI we have 10 half hour radio slots on your WRIB 1220 station. Each of these slots is for an individualized program representing a diverse Catholic perspective (www.nacepf.net). To ensure yearly stability to our programming we have always paid WRIB one year in ADVANCE each spring in order to create an executory prepaid asset. Likewise, this year NACEPF prepaid WRIB an entire yearly fee for our programming through April 30, 2007 per our cancelled check.

On Internet blogs Faith Christian Center ("Faith") of Seekonk, MA has been viewed as a party of interest in the sale of WRIB. Nevertheless, NACEPF's prepaid programming represents an executory asset of manifold value. If you have any document duly signed or executed by NACEPF that negates this be advised it is unknown to NACEPF and we would ask for Carter to produce it forth wit. Absent that unlikely scenario for both Carter or any assignee (i.e. Faith) of WRIB to tender a compensation for this prepaid asset in law or in equity would entail both the expense of placing our programming on another radio station that propagates to all of the current areas reached by WRIB as well as all the advertising expense to saturate all of these market areas to regain the equilibrium of goodwill that our investment effectuated over the past 12 years in programming development. Should our prepaid asset suffer detriment via the station signal going dark or any other failure to perform the obligations proper to our prepaid asset, then the value easily exceeds the $75,000 threshold value of consideration required to prosecute a rapid decision in the federal courts. Accordingly, as an assignee assumes the liabilities of the assignor, due diligence needs to thoroughly consider the value of NACEPF's prepaid executory asset and the jurisprudence related thereto.

I want to make it clear to Carter and to any buyer assignee that absent an agreement of compensation to NACEPF (e.g. as outlined above) that any action that negates the broadcast of our prepaid programming through April 30, 2007 constitutes an action of significant detriment to NACEPF's executory asset and the goodwill NACEPF has established over the years.

While I will take calls from business principals such as yourself or Pastors at Faith, I will not accept calls from attorneys. Counsels for both the assignor and assignee whom may wish to engage this letter further must follow legal protocol and address themselves to NACEPF's attorneys at law: Edwards, Angell, Palmer & Dodge, LLP, attention Mr. Mark Pogue, Esq. Senior Litigator www.eapdlaw.com/professionals/detail.aspx?attorney=201.

In this matter NACEPF is resolved most

sincerely,

John Primeau
President

cc: Rev. David M. Marquard, Pastor dmfcc@cox.net
Rev. John L. Pfeffer, Jr. Associate Pastor / Administrator jpfeffer@faithchristiancenter.org