STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PC-2006-3753 NORTH AMERICA CATHOLIC ED V CARTER BROAD CASTING

Filing Date: 07-14-2006 Case Type: CONTRACT DAMAGES
Case Status: CLOSED DURING DISCOVERY Status Date: 09-29-2006

Plaintiff: NORTH AMERICAN CATHOLIC EDUCATION P Attorney: MARK POGUE
ID: @10851379

Defendant: CARTER BROADCASTING CORPORATION
ID: @10851380

Defendant: FAITH CHRISTIAN CENTER
ID: @10851381

Scheduled Events

| Date | Event | Location | Judge |
| --- | --- | --- | --- |

Prior Events

| Date | Event | Location | Judge |
| --- | --- | --- | --- |

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
| --- | --- | --- | --- |

Docket Entry Information

| Date | Description | Text |
| --- | --- | --- |
| 07-14-2006 | COMPLAINT FILED | |
| 07-14-2006 | INITIAL FILING FEE | |
| 07-14-2006 | Payment Applied | A Payment of -$160.00 was made on receipt SCP230118. |
| 09-29-2006 | NOTICE OF REMOVAL | TO US DISTRICT COURT |
| 09-29-2006 | CASE REMVD TO US DISTRICT CT | CA06-431ML |
| 09-29-2006 | OTH DOC FILED DURING DISCOV | CASE REMOVED TO U.S. DISTRICT COURT |

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

STATE OF RHODE ISLAND SUPERIOR COURT

PROVIDENCE, Sc.

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,

Plaintiff,

v. No. PC06 - 3753

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER,

Defendants.

**COMPLAINT**

1. This is a civil action for money damages.

**Parties and Jurisdiction**

2. Plaintiff North American Catholic Educational Broadcasting Foundation, Inc. ("NACEPF") is a Rhode Island corporation with a principal place of business in Providence, Rhode Island. NACEPF is an independent lay organization and is engaged in telecommunications, including producing and broadcasting religious and educational programming for television and radio.

3. Defendant Carter Broadcasting Corporation ("Carter") is a corporation with a place of business in Boston, Massachusetts.

4. Defendant Faith Christian Center ("Faith") is a church located in Seekonk, Massachusetts.

5. This Court has subject-matter jurisdiction over this action. Carter and Faith have sufficient contacts with the State of Rhode Island to subject them to personal jurisdiction in this Court.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 JUL 14 P 3:38

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**Factual Background**

6. Prior to July 2006, Carter owned and operated an AM radio station located in East Providence, Rhode Island known as WRIB 1220 (the "Station").

7. For more than ten years prior to 2006, Carter broadcast half-hour programs produced and supplied by NACEPF on the Station. During this time, NACEPF developed a large listening audience and substantial goodwill among its listeners.

8. Beginning in 2001, NACEPF and Carter entered into a series of one-year contracts to broadcast NACEPF's programming on the Station. Pursuant to these contracts, NACEPF would pay Carter in advance for its yearly programming on the Station in order to ensure the continuity of its programming and goodwill among its listeners.

9. Carter charged NACEPF $28 per each half-hour program (or $56 per hour for two programs). This rate was significantly below the market rate because of the large amount of goodwill which NACEPF had developed for the Station as a result of its quality programming.

10. On March 16, 2006 NACEPF issued to Carter its check #14994 in the amount of fourteen thousand five hundred and sixty dollars ($14,560) which prepaid NACEPF's yearly programming from May 1, 2006 through April 30, 2007. This payment was for 520 half hour programs, two of which would be broadcast each day Monday through Friday each week between May 1, 2006 and April 30, 2007. The total payment was for 520 programs at $28 per program. Carter accepted NACEPF's payment for this airtime on the Station, and the two parties thereby formed a contract (the "Contract").

11. Carter and Faith negotiated for the sale of the Station from Carter to Faith during 2005 and 2006. Upon information and belief, Faith undertook extensive due diligence of the Station, including the taking of soil samples for fear of incurring environmental liability. Upon information and belief, during this due diligence period Faith became aware of the fact that

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Carter had contracted with NACEPF to broadcast NACEPF supplied programming on the Station from May 1, 2006 through April 30, 2007 (the Contract).

12. Carter held NACEPF's check uncashed for more than three months while Carter's negotiations with Faith for the sale of the Station became protracted. Carter held NACEPF's check without cashing it in order to ensure that Carter would benefit no matter how its negotiations played out: if the sale fell through, Carter would cash the check and retain NACEPF as a paid programmer; if the sale went through, Carter would return NACEPF's check and break the Contract. On June 26, 2006, Carter finally cashed NACEPF's check.

13. On Thursday, July 6, 2006 NACEPF sent by facsimile and overnight carrier a letter (the "Letter") to Kenneth R. Carberry, President of Carter, that was copied electronically to Faith. In the Letter, NACEPF explained that the Contract was an obligation known to Carter that Faith should be aware of.

14. On July 7, 2006 NACEPF learned from the Station's manager, John Pearce, that prior to the consummation of the sale Kenneth R. Carberry, President of Carter, attempted unsuccessfully to terminate the transaction. In the meantime, funds were wired that consummated the sale of the Station to Faith. NACEPF also learned from John Pearce that, after it acquired the Station, Faith intended to shut down the Station's signal immediately. This would prevent incumbent programmers from notifying their listeners of their impending cessation of programming, and would, in the case of NACEPF, result in a breach of the Contract.

15. By July 10, 2006, Faith terminated all broadcast activity at the Station. As a result, NACEPF had no means of broadcasting its programming, nor even the ability to explain to Station listeners what was happening to its programming.

16. In response to the Letter, Carter merely sent a refund to NACEPF in the amount of $11,760. The return of these funds did not make NACEPF whole, however, because NACEPF will have to pay considerably more than $28 per half-hour to find a comparable radio broadcast

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

outlet to replace the broken Contract. Moreover, NACEPF stands to lose many of the listeners and listener goodwill it had developed while broadcasting on the Station.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**(Breach of Contract Against Carter)**

17. NACEPF incorporates by reference the foregoing allegations.

18. Carter breached the Contract. As a proximate result thereof, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Carter has breached the Contract;

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees pursuant to R.I. Gen. Laws § 9-1-45; and

(c) such further relief as this Court deems appropriate.

**COUNT TWO**

**(Tortious Interference with Contract Against Faith)**

18. NACEPF incorporates by reference the foregoing allegations.

19. Upon information and belief, before Faith acquired the Station from Carter, it knew of the existence of the Contract. Faith intentionally procured a breach of the Contract by purchasing the Station from Carter with the intention of discontinuing all broadcasting by prepaid programmers such as NACEPF, and by in fact terminating broadcast activities at the Station. As a proximate result of Faith's actions, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Faith tortiously interfered with the Contract;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island



PRV_820870_1/MPOGUE

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees; and

(c) such further relief as this Court deems appropriate.

**DEMAND FOR A JURY TRIAL**

NACEPF hereby demands a jury trial.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By its Attorneys,

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island



PRV_820970_1/MPOGUE

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.

*Plaintiff*

VS.

C.A. No.: PC 06-3753

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

*Defendants.*

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that the Defendants Carter Broadcasting Corporation and Faith Christian Center, in the above-entitled action, did on or about September 29, 2006, file in the United States District Court for the District of Rhode Island its Notice of Removal of this action from this Court to the United States District Court, a copy of the Notice of Removal is attached hereto.

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

By Their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 SEP 29 P 3:28

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# CERTIFICATION

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 29th day of September, 2006, I caused a true copy of the *Defendants' Notice of Removal to the United States District Court* to be mailed to the above-listed attorney.

Hillary Mito

True Copy Attest

Office of Clerk of Superior Court
Counties of Pr...
Providence, RI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. :

*Plaintiff* :

VS. : C.A. NO.: CA06-431ML

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER :

*Defendants.* :

**NOTICE OF REMOVAL**

TO: The Honorable Judges of the
United States District Court
For the District of Rhode Island

Defendants Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") by their attorneys David E. Maglio & Associates, respectfully state as follows:

1. On or about September 18, 2006, an action was commenced against Carter and Faith in the Superior Court for the State of Rhode Island, Providence County, Civil Action number: PC06-3753, by the filing of Plaintiff's Complaint, attached hereto as exhibit "A".
2. The date on which Carter and Faith are required by the Rhode Island Superior Court Rules of Civil Procedure to answer or otherwise respond with respect to the Complaint has not lapsed.
3. Both Carter and Faith desire to exercise their rights under the provisions of 28 U.S.C. § 1441 by removing this action from the Rhode Island Superior Court,

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 SEP 29 P 3:42

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol

Providence County, in which said action is now pending, to the United States District Court for the District of Rhode Island, which embraces the County where this action is now pending.

4. Plaintiff's Complaint alleges that a contract was formed between Carter and Plaintiff regarding 520 half hour programs produced by Plaintiff and aired on Defendant Carter's radio station. Plaintiff further alleges that during the sale of this radio station to Defendant Faith, Faith became aware of this alleged contract and tortiously interfered with it. Plaintiff claims that the alleged breach of contract by Carter and the alleged interference by Faith resulted in the loss of listeners and listener goodwill that it had developed on Carter's radio station. Additionally, Plaintiff claims it will have to pay considerably more for the 520 half hour programs at another radio station.
5. Plaintiff's allegations include a breach of contract claim against Carter and a claim for tortious interference with plaintiff's contract against Faith.
6. The above-described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, Diversity of Citizenship, and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. § 1441(a).
7. The provisions of 28 U.S.C. § 1332(a) grant this Court original jurisdiction for cases in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

8. Plaintiff, North American Catholic Educational Broadcasting Foundation, Inc., is a Rhode Island corporation with a principal place of business in Providence, Rhode Island.

9. Defendant Carter Broadcasting Corporation is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

10. Defendant Faith Christian Center is a church located in Seekonk, Massachusetts.

11. The controversy between the Plaintiff and Defendants exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

12. Pursuant to R.I. Gen. Law § 9-1-30 the Plaintiff's complaint contained no ad damnum clause detailing the damages claimed by the Plaintiff.

13. However, in a July 6, 2006 letter to the Defendant Carter Broadcasting, the Plaintiff states that the value of their claim "easily exceeds the $75,000 threshold value of consideration required to prosecute a rapid decision in the federal courts." (See Letter from John Primeau to Kenneth Carberry attached as exhibit "B").

14. Additionally, no state or federal law serves to limit Plaintiff's recovery to an amount below the jurisdictional requirement.

15. Based on the Plaintiff's representations in its July 6, 2006 demand letter and the lack of a statutory bar to Plaintiff's claims, it is more probable than not that this controversy exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

16. 28 U.S.C. § 1441(a) provides for the removal from State court of civil actions arising under federal law pursuant to 28 U.S.C. § 1332. The above-captioned action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1441, in that the Plaintiff's claims for compensatory damages exceed $75,000, and the Plaintiff and Defendants maintain citizenships in different states: the Plaintiff in Rhode Island and both Defendants in Massachusetts.

17. Additionally, pursuant to 28 U.S.C. § 1441(a) neither Carter nor Faith are citizens of the State of Rhode Island, wherein the above-entitled action is pending.

18. In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within 30 days of Defendants' receipt of a copy of the summons and complaint.

19. Defendants Carter and Faith reserve the right to amend this Notice of Removal. Defendants Carter and Faith reserve the right to all defenses, including without limitation, the defense of lack of personal jurisdiction.

20. Both Defendants have consented to removal as required by 28 U.S.C. § 1441(c).

WHEREFORE, Defendants Carter and Faith pray that the above action now pending in Superior Court of the State of Rhode Island in and for the County of Providence be removed therefrom to this Court.

**PLEASE TAKE NOTICE** that defendants hereby respectfully request a trial by jury.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

By Their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)

Dated: Providence, Rhode Island
September 29, 2006

I, David E. Maglio, Esq., attorney for the Defendants Carter Broadcasting Corp. and Faith Christian Center, being duly sworn upon oath, do hereby verily believe the facts stated in the within Petition to be true.

David E. Maglio, Esq.

**CERTIFICATION**

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 29th day of September, 2006, I caused a true copy of the *Defendants' Notice of Removal* to be mailed to the above-listed attorney.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

STATE OF RHODE ISLAND SUPERIOR COURT

PROVIDENCE, Sc.

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,

Plaintiff,

v.

No. PC06

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER,

Defendants.

A SERIES OF TRUE COPIES, ATTEST

CONSTABLE

## COMPLAINT

1. This is a civil action for money damages.

### Parties and Jurisdiction

2. Plaintiff North American Catholic Educational Broadcasting Foundation, Inc. ("NACEPF") is a Rhode Island corporation with a principal place of business in Providence, Rhode Island. NACEPF is an independent lay organization and is engaged in telecommunications, including producing and broadcasting religious and educational programming for television and radio.

3. Defendant Carter Broadcasting Corporation ("Carter") is a corporation with a place of business in Boston, Massachusetts.

4. Defendant Faith Christian Center ("Faith") is a church located in Seekonk, Massachusetts.

5. This Court has subject-matter jurisdiction over this action. Carter and Faith have sufficient contacts with the State of Rhode Island to subject them to personal jurisdiction in this Court.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## Factual Background

6. Prior to July 2006, Carter owned and operated an AM radio station located in East Providence, Rhode Island known as WRIB 1220 (the "Station").

7. For more than ten years prior to 2006, Carter broadcast half-hour programs produced and supplied by NACEPF on the Station. During this time, NACEPF developed a large listening audience and substantial goodwill among its listeners.

8. Beginning in 2001, NACEPF and Carter entered into a series of one-year contracts to broadcast NACEPF's programming on the Station. Pursuant to these contracts, NACEPF would pay Carter in advance for its yearly programming on the Station in order to ensure the continuity of its programming and goodwill among its listeners.

9. Carter charged NACEPF $28 per each half-hour program (or $56 per hour for two programs). This rate was significantly below the market rate because of the large amount of goodwill which NACEPF had developed for the Station as a result of its quality programming.

10. On March 16, 2006 NACEPF issued to Carter its check #14994 in the amount of fourteen thousand five hundred and sixty dollars ($14,560) which prepaid NACEPF's yearly programming from May 1, 2006 through April 30, 2007. This payment was for 520 half hour programs, two of which would be broadcast each day Monday through Friday each week between May 1, 2006 and April 30, 2007. The total payment was for 520 programs at $28 per program. Carter accepted NACEPF's payment for this airtime on the Station, and the two parties thereby formed a contract (the "Contract").

11. Carter and Faith negotiated for the sale of the Station from Carter to Faith during 2005 and 2006. Upon information and belief, Faith undertook extensive due diligence of the Station, including the taking of soil samples for fear of incurring environmental liability. Upon information and belief, during this due diligence period Faith became aware of the fact that

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Carter had contracted with NACEPF to broadcast NACEPF supplied programming on the Station from May 1, 2006 through April 30, 2007 (the Contract).

12. Carter held NACEPF's check uncashed for more than three months while Carter's negotiations with Faith for the sale of the Station became protracted. Carter held NACEPF's check without cashing it in order to ensure that Carter would benefit no matter how its negotiations played out: if the sale fell through, Carter would cash the check and retain NACEPF as a paid programmer; if the sale went through, Carter would return NACEPF's check and break the Contract. On June 26, 2006, Carter finally cashed NACEPF's check.

13. On Thursday, July 6, 2006 NACEPF sent by facsimile and overnight carrier a letter (the "Letter") to Kenneth R. Carberry, President of Carter, that was copied electronically to Faith. In the Letter, NACEPF explained that the Contract was an obligation known to Carter that Faith should be aware of.

14. On July 7, 2006 NACEPF learned from the Station's manager, John Pearce, that prior to the consummation of the sale Kenneth R. Carberry, President of Carter, attempted unsuccessfully to terminate the transaction. In the meantime, funds were wired that consummated the sale of the Station to Faith. NACEPF also learned from John Pearce that, after it acquired the Station, Faith intended to shut down the Station's signal immediately. This would prevent incumbent programmers from notifying their listeners of their impending cessation of programming, and would, in the case of NACEPF, result in a breach of the Contract.

15. By July 10, 2006, Faith terminated all broadcast activity at the Station. As a result, NACEPF had no means of broadcasting its programming, nor even the ability to explain to Station listeners what was happening to its programming.

16. In response to the Letter, Carter merely sent a refund to NACEPF in the amount of $11,760. The return of these funds did not make NACEPF whole, however, because NACEPF will have to pay considerably more than $28 per half-hour to find a comparable radio broadcast



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island
PRV_820970_1/MPOGUE

outlet to replace the broken Contract. Moreover, NACEPF stands to lose many of the listeners and listener goodwill it had developed while broadcasting on the Station.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**(Breach of Contract Against Carter)**

17. NACEPF incorporates by reference the foregoing allegations.

18. Carter breached the Contract. As a proximate result thereof, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Carter has breached the Contract;

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees pursuant to R.I. Gen. Laws § 9-1-45; and

(c) such further relief as this Court deems appropriate.

**COUNT TWO**

**(Tortious Interference with Contract Against Faith)**

18. NACEPF incorporates by reference the foregoing allegations.

19. Upon information and belief, before Faith acquired the Station from Carter, it knew of the existence of the Contract. Faith intentionally procured a breach of the Contract by purchasing the Station from Carter with the intention of discontinuing all broadcasting by prepaid programmers such as NACEPF, and by in fact terminating broadcast activities at the Station. As a proximate result of Faith's actions, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Faith tortiously interfered with the Contract;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees; and

(c) such further relief as this Court deems appropriate.

**DEMAND FOR A JURY TRIAL**

NACEPF hereby demands a jury trial.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By its Attorneys,

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island



PRV_820970_1/MPOGUE

NACEPF
NORTH AMERICAN
CATHOLIC EDUCATIONAL
PROGRAMMING FOUNDATION INC.

2419 Hartford Avenue, Johnston, RI 02919-1719 • Tel. (401) 934-1100 • Fax (401) 934-2240

A Lay Educational Foundation

*Is accredited by The Accrediting Commission International For Schools, Colleges and Theological Seminaries.*

July 6, 2006

Mr. Kenneth Carberry, Pres.
Kurt Carberry, Operation Mgr.
Carter Broadcasting. Inc.
20 Park Plaza, Suite 720
Boston, MA 02116
Tel: 617-423-0210

Via Federal Express

Dear Ken and Kurt,

Carter Communications, Inc. ("Carter") and the North American Catholic Educational Programming Foundation, Inc. ("NACEPF") have spoken numerous times over the years-- the last time being the so-called Fr. Joseph Fessio, SJ et al "buyout attempt" debacle of Carter's radio stations in the 90s when you and I spoke at length. Although NACEPF is the licensee for several hundred EBS stations (formally ITFS -Instructional Television Fixed Service) in over 25 states, locally, in Providence, RI we have 10 half hour radio slots on your WRIB 1220 station. Each of these slots is for an individualized program representing a diverse Catholic perspective (www.nacepf.net). To ensure yearly stability to our programming we have always paid WRIB one year in ADVANCE each spring in order to create an executory prepaid asset. Likewise, this year NACEPF prepaid WRIB an entire yearly fee for our programming through April 30, 2007 per our cancelled check.

On Internet blogs Faith Christian Center ("Faith") of Seekonk, MA has been viewed as a party of interest in the sale of WRIB. Nevertheless, NACEPF's prepaid programming represents an executory asset of manifold value. If you have any document duly signed or executed by NACEPF that negates this be advised it is unknown to NACEPF and we would ask for Carter to produce it forth wit. Absent that unlikely scenario for both Carter or any assignee (i.e. Faith) of WRIB to tender a compensation for this prepaid asset in law or in equity would entail both the expense of placing our programming on another radio station that propagates to all of the current areas reached by WRIB as well as all the advertising expense to saturate all of these market areas to regain the equilibrium of goodwill that our investment effectuated over the past 12 years in programming development. Should our prepaid asset suffer detriment via the station signal going dark or any other failure to perform the obligations proper to our prepaid asset, then the value easily exceeds the $75,000 threshold value of consideration required to prosecute a rapid decision in the federal courts. Accordingly, as an assignee assumes the liabilities of the assignor, due diligence needs to thoroughly consider the value of NACEPF's prepaid executory asset and the jurisprudence related thereto.

I want to make it clear to Carter and to any buyer assignee that absent an agreement of compensation to NACEPF (e.g. as outlined above) that any action that negates the broadcast of our prepaid programming through April 30, 2007 constitutes an action of significant detriment to NACEPF's executory asset and the goodwill NACEPF has established over the years.

While I will take calls from business principals such as yourself or Pastors at Faith, I will not accept calls from attorneys. Counsels for both the assignor and assignee whom may wish to engage this letter further must follow legal protocol and address themselves to NACEPF's attorneys at law: Edwards, Angell, Palmer & Dodge, LLP, attention Mr. Mark Pogue, Esq. Senior Litigator www.eapdlaw.com/professionals/detail.aspx?attorney=201 .

In this matter NACEPF is resolved most

sincerely,

John Primeau
President

cc: Rev. David M. Marquard, Pastor dmfcc@cox.net
Rev. John L. Pfeffer, Jr. Associate Pastor / Administrator jpfeffer@faithchristiancenter.org

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

CASE # 063753

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF | DEFENDANT |
|---|---|
| NORTH AMERICAN CATHOLIC EDUCATION PROGRAMMING FOUNDATION | CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ( ) | AA | AGENCY APPEAL | ( ) | EX | EXCESSIVE TAX | ( ) | PR | PARTITION |
| ( ) | AB | ASSAULT & BATTERY | ( ) | FF | FORFEITURE | ( ) | RC | REINSTATE CHARTER |
| ( ) | AE | ASBESTOS CASES | ( ) | FG | FOREIGN JUDGMENT | ( ) | PT | PROMISSORY NOTE |
| ( ) | AI | ANTI-TRUST | ( ) | FS | FRIENDLY SUIT | ( ) | RY | REAL PROPERTY |
| ( ) | BA | BOOK ACCOUNT | ( ) | ID | PER INJURY/PROP DAM/VEH | ( ) | SA | SEXUAL ABUSE |
| ( ) | BP | BILL OF RIGHTS-POLICE OFF | ( ) | IJ | INJUNCTIVE RELIEF | ( ) | SF | SPECIFIC PERFORMANCE |
| ( ) | CH | CIVIL RIGHTS/JOB DISCRIM | ( ) | IP | INTERPLEADER | ( ) | SX | SEXUAL HARASSMENT |
| ( ) | CI | CRIMINAL INJURY COMP | ( ) | LC | LEAD CASE | (X) | TD | CONTRACT DAMAGES |
| ( ) | CL | COMMON LAW ASSIGNMENT | ( ) | LS | LIBEL/SLANDER | ( ) | TE | TRESPASS & EJECTMENT |
| ( ) | CM | COMMON LAW LIEN | ( ) | ME | MALPRACTICE/LEGAL | ( ) | TO | TITLE CLEARING |
| ( ) | CS | CONVERSION | ( ) | MM | MALPRACTICE/MEDICAL | ( ) | TV | TRUSTEE/APPT CONVEY TITLE |
| ( ) | CV | CRIMINAL CONVERSION | ( ) | MO | MALPRACTICE/OTHER | ( ) | TG | TRUSTEE/ACCOUNTING |
| ( ) | CH | CIVIL RIGHTS/JOB DISCRIMIN | ( ) | OV | OTHER CIVIL ACTION | ( ) | UM | UNINSURED MOTORIST |
| ( ) | DJ | DECLARATORY JUDGMENT | ( ) | PB | PROPERTY DAMAGES | ( ) | WM | WRIT OF MANDAMUS |
| ( ) | DG | RECOVERY OF DAMAGES | ( ) | PG | PROPERTY DAMAGE/VEH | ( ) | WR | WRIT OF REPLEVIN |
| ( ) | DB | DEBT ON JUDGMENT | ( ) | PI | PERSONAL INJURY | ( ) | WD | WRONGFUL DEATH |
| ( ) | DD | DECEPTIVE TRADE PRACTICE | ( ) | PJ | PERSONAL INJURY/VEHICLE | | | |
| ( ) | DN | DENIAL OF PROBATE CLAIM | ( ) | PL | PRODUCT LIABILITY | | | |

**MISCELLANEOUS PETITION**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ( ) | AC | ARBITRATION/CONFIRM | ( ) | GJ | GRAND JURY INVESTIGATION | ( ) | PX | PETITION TO EXPUNGE |
| ( ) | AD | ARBITRATION AWARD | ( ) | HC | HABEAS CORPUS | ( ) | PY | PETITION INVENT (WIRE TAP) |
| ( ) | AS | ASSESSMENT OF DAMAGES | ( ) | LN | LEVEL COMMUN NOTIFICATION | ( ) | RB | ARBITRATION REFERRAL |
| ( ) | CE | CONDEMNATION | ( ) | ML | MECHANICS LIEN | ( ) | RP | RULE 5A PETITION |
| ( ) | CN | CONFIRM COMPROMISE | ( ) | MW | MATERIAL WITNESS | ( ) | RV | RECEIVERSHIP |
| ( ) | CP | CONTEMPT | ( ) | OM | OTHER MISC PETITION | ( ) | SO | SEXUAL VIOLENT PREDATOR |
| ( ) | DI | DISCLAIMER | ( ) | OW | OUT OF STATE WITNESS | ( ) | TA | APPOINTMENT OF TRUSTEE |
| ( ) | DS | DISSOLUTION OF CORP | ( ) | PC | POST CONVICTION RELIEF | ( ) | TC | TITLE CLEARING (TAX TITLE) |
| ( ) | DT | DECLINATION OF TRUSTEE | ( ) | PD | PETITION TO TAKE DEPO | ( ) | TL | FORECLOSURE/TAX LIEN |
| ( ) | EN | END PARTNERSHIP | ( ) | PM | PETITION FOR IMMUNITY | ( ) | TS | TRUSTEE SUCCESSOR |
| ( ) | FC | FORFEITURE OF CHARTER | ( ) | PO | PETITION FOR CONSTABLE | ( ) | VC | VACATE ARBITRATION |
| ( ) | FL | FORECLOSURE RIGHTS REDEM | ( ) | PS | PERFORM SURGERY | | | |

**PROBATE APPEAL**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ( ) | GD | GUARDIANSHIP | ( ) | OA | OTHER PROBATE APPEAL | ( ) | WL | WILL |
| ( ) | NC | NAME CHANGE | ( ) | TU | TRUST | | | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL: (X) Yes ( ) No IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION # Mark A. Pogue (#3441)

PRO SE/NAME:

DATE: July 14, 2006

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 JUL 14 P 3:38

A True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

R[illegible]

Rhode Island [illegible]

Receipt Number: [illegible]

Date: [illegible] 2006

Cashier: [illegible]

Payor: [illegible] EDWARDS

Address: [illegible]

Description [illegible] Amount

[illegible] 2006 [illegible]

[illegible] NORTH AMERICAN CATHOLIC [illegible]

[illegible] 150.00

[illegible] SERVICE [illegible] 10.00

[illegible] Balance: [illegible] 160.00

[illegible] Amount Paid: [illegible] 160.00

New Balance Due: [illegible] 0.00

[illegible] 160.00

[illegible] 0.00

[illegible] Tendered: 160.00

[illegible] Amount Paid: 160.00

Change: 0.00