UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.

*Plaintiff*

VS. C.A. 06-431ML

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

*Defendants.*

**FIRST SET OF INTERROGATORIES PROPOUNDED BY THE DEFENDANTS TO THE PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants, Carter Broadcasting Corporation and Faith Christian Center, hereby request that the plaintiff, North American Catholic Educational Programming Foundation, Inc., respond under oath to the following interrogatories within thirty (30) days after the service of these interrogatories:

**INSTRUCTIONS AND DEFINITIONS**

1. The term "Complaint" shall mean the complaint filed in the United States District Court for the District of Rhode Island bearing Civil Action No.: 06-431ML.

2. The "Plaintiff" or "NACEPF" shall refer to the North American Catholic Educational Programming Foundation, Inc., and its officers, directors, representatives employees, agents and servants.

3. The "Defendants" or "Carter" and "Faith" shall refer to Carter Broadcasting Corp. and Faith Christian Center, respectively, and its officers, directors, representatives employees, agents and servants.

4. When asked to "identify" or provide the "identity" of a person, entity, document, event, communication, transaction or occurrence, provide the following:

A. As to an individual, stating his or her:

1. Full and customarily used name;

2. Present or last known residence and business address; and

3. Present or last known employer and position(s) held with that employer.

B. As to any person other than an individual, stating:

1. Its legal name and any other names used by it;

2. The form or manner of its organization (e.g. partnership, corporation, etc.); and

3. Its address and principal place of business.

C. As to a document stating:

1. The date of its creation, execution and receipt;

2. Its author and/or signatory;

3. Its addressee and every other recipient or person having received a copy;

4. Its type or nature (e.g. letter, memorandum, etc.) including its subject matter;

5. The name and address of the custodian of the document; and

6. Its substance.

D. As to an event, communication, transaction or occurrence, stating:

1. Its date;

2. The place and manner of its occurrence (e.g. face-to-face meeting, telephone calls, etc.);

3. The identification of all of its participants and eyewitnesses to its occurrence;

4. Its purpose and subject matter; and

5. A concise description of what transpired.

5. The term "person" includes any person, firm, unincorporated association, partnership, corporation or other entity.

6. The terms "relate to" or "pertain to" shall mean directly or indirectly mentioning or describing, being connected with, reflecting upon or in any way having a bearing upon a relationship with a stated subject matter.

7. As used herein "document" and "documents" shall include writings and recordings of any kind, formal or informal, and items of any sort containing information or data, including, by way of illustration and not by way of limitation, any request, directive, instruction, order, correspondence, book, medical record, memorandum, note, regulation, statement of policy, contract, minutes, memoranda of telephone and other conversations and of any meeting or agreement or the like, log, diary, calendar, desk pad, scrapbook, notebook, bulletin, circular, journal, letter, telegram, report, notice, messages, analysis, comparison, graph, chart, interoffice or intraoffice communications, Photostat or copies of any document, microfilm or any film record, any photograph, any cassette tape, videotape, or any sound recording, including the receptacles or containers in which they are stored with or without labels affixed, any punch card, disk or disk pack, any tape or other type of memory generally associated with computers and data processing (together

with the programming instructions and other written material necessary to use any punch card, disk or desk pack, tape or other type of memory) and together with printouts of such punch card, disk or disk pack, tape or other type of memory, and including (1) every copy of each document which is not an exact duplicate of a document which is produced; (2) every copy which has any writing, figure or notation, annotation or the like on it or on the container or receptacle in which it is stored; (3) drafts; and (4) attachments to or enclosures with any document.

8. The term "oral communication" means, without limitation, any discussion, conversation, meeting or verbal utterance.

9. The terms "fact" or "facts" as used herein includes, without limitation, the following: circumstances, occurrences, occasions, events, instances, oral communications, writings, documents, episodes, experiences, happenings, transactions and all manner of other affairs, matters or things.

10. The term "describe" shall mean to relate to as completely as possible each and every act, omission, incident, event, condition, circumstances or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates and times, and without limiting the foregoing, to:

A. Identity of all documents directly or indirectly related thereto;

B. Identity of all communications directly or indirectly related thereto;

C. Identity of all persons directly or indirectly related thereto; and

D. Identity of all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

11. If any of these interrogatories cannot be answered in full, then they should be answered to the extent possible, specifying each reason for the claimed inability to answer the remainder and stating whatever information or knowledge is possessed concerning the unanswered portion. In answering the interrogatories, furnish such information as is available to you, regardless of whether or not it is based on personal knowledge or records of your agents or representatives, or from others or others' records, regardless of source.

12. If any of these interrogatories calls for the identification of documents or oral communications which you contend are protected by the attorney/client privilege, another claimed privilege, or by the work product rule, state the legal or factual grounds on which you object to or refuse to disclose and furnish the information identifying such document or oral communication in accordance with these instructions nevertheless (except for summary of content or substance).

13. If any interrogatory cannot be answered in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible. Explain in detail the reason for the inability to answer the remainder of any such interrogatory, and state whatever information or knowledge is presently available to you concerning the unanswered portion of said interrogatory.

14. To the extent that you consider any of the following interrogatories objectionable, answer as much of each interrogatory as is not objectionable, and indicate what part is objectionable. Provide the grounds for objecting to each part of any interrogatory that you find objectionable.

15. Where knowledge or information in your care, custody or control is requested, such request includes not only your knowledge, but also knowledge possessed by your officers, directors, agents, employees, representatives, experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this matter and, unless privileged, your attorneys.

16. With respect to any answer or part of any answer to any of the following interrogatories, identify each person from whom information was obtained on which such answer or part thereof was based.

17. Whenever you are instructed to state a date or a dollar amount, if such date or amount is unknown to you, state your best estimate of such date or amount and indicate that it is an estimate.

18. The singular includes the plural, and vice versa.

19. Each question, and each subpart of each question, is to be accorded a separate answer and questions and subparts to questions are not to be combined for the purpose of supplying a common answer thereto.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name, business and residential addresses, and position(s) held with NACEP.

**INTERROGATORY NO. 2:** If you allege, as set forth in paragraph 8 of the plaintiff's Complaint, that "Carter entered into a series of one-year contracts to broadcast the plaintiff's programming", please state all of the facts and the identity of any persons and documents that support your allegations.

**<u>INTERROGATORY NO. 3</u>:** If you allege, as set forth in paragraph 9 of the plaintiff's Complaint, that "the rate for each program charged by Carter was below market value due to the large amount of goodwill that plaintiff had developed for Carter's broadcasting station", please state all of the facts and the identity of any persons and documents that support your allegations.

**<u>INTERROGATORY NO. 4</u>:** If you allege, as set forth in paragraph 10 of the plaintiff's Complaint, that "Carter's acceptance of plaintiff's payment for airtime formed a contract between the parties", please state all of the facts and the identity of any persons and documents that support your allegations.

**<u>INTERROGATORY NO. 5</u>:** If you allege, as set forth in paragraph 11 of the plaintiff's Complaint, that "Faith became aware of the fact that Carter had contracted with the plaintiff", please state all of the facts and the identity of any persons and documents that support your allegations.

**<u>INTERROGATORY NO. 6</u>:** If you allege, as set forth in paragraph 12 of the plaintiff's Complaint, that "Carter held the plaintiff's check without cashing it in order to ensure that Carter would benefit no matter how its negotiations played out", please state all of the facts and the identity of any persons and documents that support your allegations.

**<u>INTERROGATORY NO. 7:</u>** For each and every oral communication between NACEPF and Carter relating to the facts and allegations contained in the complaint, please provide the following information:

a. the identity of the persons participating in the communication(s);

b. the identity of the persons present during the communication(s);

c. the date(s) of the communication(s); and

d. the subject of the communications.

**INTERROGATORY NO. 8:** For each and every oral communication between NACEPF and Faith relating to the facts and allegations contained in the complaint, please provide the following information:

e. the identity of the persons participating in the communication(s);

f. the identity of the persons present during the communication(s);

g. the date(s) of the communication(s); and

h. the subject of the communications.

**INTERROGATORY NO. 9:** If you allege, as set forth in paragraph 16 of the plaintiff's Complaint, that "NACEPF will have to pay considerably more than twenty-eight dollars per half hour to find a comparable radio broadcast outlet", please state all of the facts and the identity of any persons and documents that support your allegations.

**INTERROGATORY NO. 10:** If you allege, as set forth in Count One of the plaintiff's Complaint, that "Carter breached a contract with NACEPF", please provide (a) a detailed recitation of the terms of the contract including the date that the contract was formed, (b) the identity of the person(s) who negotiated the terms of the contract for NACEPF and Carter, (c) the term of the contract, (d) the consideration provided by each party, (e) the promises or performance to which each party contractually bound itself, (f) the manner in which Carter breached the contract, and (g) a detailed itemization of the damages, if any, suffered by NACEPF as a result of Carter's alleged breach of the contract.

**INTERROGATORY NO. 11:** If you allege, as set forth in Count Two, of the plaintiff's Complaint, that "Faith tortiously interfered with the contract between Carter and

NACEPF", please state all of the facts and the identity of any persons and documents that support your allegations.

**INTERROGATORY NO. 12:** In the July 6, 2006 letter from John Primeau, President of NACEPF to Kenneth Carberry, President of Carter Broadcasting, John Primeau states that, "should our pre-paid asset suffer detriment via the station signal going dark or any other failure to perform the obligations proper to our prepaid asset, then the value easily exceeds the $75,000 threshold value of consideration required to prosecute a rapid decision in the federal courts." With regard to this statement, please state all of the facts and the identity of any persons and documents that support your allegations including in your answer a detailed itemization of your damages.

**INTERROGATORY NO. 13:** Please give the name and present address of each person you expect to call as an expert witness at trial; and with respect to each expert witness, please state:

a) The subject matter on which each expert is expected to testify;

b) The substance of the facts and opinions to which each expert is expected to testify; and,

c) A summary of the grounds for each opinion.

**INTERROGATORY NO. 14:** Please provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the plaintiff's may use to support its claims.

**INTERROGATORY NO. 15:** Please provide a copy of, or a description by category and location of, all documents that are in the possession, custody, or control of the plaintiff that the plaintiff may use to support its claims at trial.

**INTERROGATORY NO. 16:** Please provide a computation of each and every category of damages claimed by the plaintiff, making available for inspection and copying the documents or other evidentiary material, on which such computation is based.

**INTERROGATORY NO. 17:** Please identify all individuals who assisted in the preparation of the answers to these interrogatories.

**INTERROGATORY NO. 18:** Please identify all documents that you reviewed and/or relied upon to assist you in preparing the answers to these interrogatories.

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)

**CERTIFICATION**

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 3rd day of October, 2006, I caused a true copy of the *First Set of Interrogatories Propounded By the Defendants to the Plaintiff* to be mailed to the above-listed attorney.

H:clients\Carter Broadcasting System\NACEPF\pleadings\Defs Interrog to Pltf