UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**<u>DEFENDANT FAITH CHRISTIAN CENTER'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

Now comes the defendant, Faith Christian Center ("Faith"), and hereby objects to the plaintiff's motion to compel production of documents. As grounds for this objection, the defendant, Faith Christian Center, relies on the accompanying memorandum of law.

FAITH CHRISTIAN CENTER

By its Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)
dmaglio@magliolaw.com

**CERTIFICATION**

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 12th of April, 2007, I caused a true copy of *Faith's Objection to Plaintiff's Motion to Compel Production of Documents* to be electronically mailed via CM/ECF to the above-listed attorney.

/s/________________________________
David E. Maglio, Esq.

H:clients\Carter Broadcasting System\NACEPF\pleadings\Faith's obj to Plts mot to compel prd doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**DEFENDANT FAITH CHRISTIAN CENTER'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

In support of its Objection to Plaintiff's Motion to Compel Production of Documents, the defendant, Faith Christian Center ("Faith"), states as follows:

Rule 34 (a) of the Federal Rules of Civil Procedure states in pertinent part that "any party may serve on any other party a request to produce…any designated documents…which are in the possession, custody or control of the party upon whom the request is served." *Fed.R.Civ.P. 34 (a)(1).* The defendant has stated in the context of a Rule 37 conference with the plaintiff that it has no additional documents in its possession, custody or control, which are responsive to the plaintiff's requests.

Plaintiff's discussion regarding defendant's response to Request No.2, states that Faith failed to produce any documents responsive to plaintiff's request. (See Plaintiff's Motion to Compel Production of Documents, attached as Exhibit "A"). However, the defendant did indeed provide three separate letters between Paul J O'Riordan, counsel for Faith Christian Center, Barry Morin and Kenneth Carberry, regarding the plaintiff's

claim, which are responsive to plaintiff's Request No.2. The documents produced by the defendant represent all of the documents in its possession, custody or control.

Plaintiff's statement regarding defendant's response to Request No. 5 addresses the reasons why the plaintiff claims it is entitled to documents reflecting the size of the Station's listening audience. However, the defendant states that it has no documents in its possession, custody or control which are responsive to this request.

Plaintiff's discussion regarding defendant's response to Request No. 6 addresses the reasons why it claims to be entitled to documents showing how much Carter charged persons or entities to broadcast on the Station. However, the defendant states that it has no documents in its possession, custody or control which are responsive to this request.

Finally, plaintiff's discussion regarding defendant's response to Request No.14 addresses why the plaintiff claims to be entitled to documents filed with the Federal Communications Commission ("FCC") regarding the Station. However, the defendant did in fact produce documents responsive to this request. The defendant produced the FCC's consent to the assignment of WRIB Providence from Carter Broadcasting to Faith Christian Center, and correspondence relating to this FCC document. Further, the Asset Purchase Agreement by and between Carter and Faith, which was produced to the plaintiff, contains the FCC's consent to approval and Carter's License Renewal Authorization by the FCC.

The defendant states that it has no further documents in its possession, custody or control which are responsive to Request No. 14. Further, although the plaintiff does not specify the type of documents filed with the FCC that it seeks, many documents filed with the FCC are public records and therefore can be retrieved directly from the FCC.

FAITH CHRISTIAN CENTER

By its Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)
dmaglio@magliolaw.com

**CERTIFICATION**

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 12dh of April, 2007, I caused a true copy of *Faith Christian Center's Memorandum of Law in Support of its Objection to the Plaintiff's Motion to Compel Production of Documents* to be electronically mailed via CM/ECFto the above-listed attorney.

/s/

David E. Maglio, Esq.

H:clients\Carter Broadcasting System\NACEPF\pleadings\Faith's memo in suppt obj to Plts mot to compel