UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.<br>*Plaintiff*<br>VS.<br>CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER<br>*Defendants.* | C.A. No.: 06-431/ML |

**ANSWERS OF CARTER BROADCASTING CORPORATION TO THE PLAINTIFF'S FIRST INTERROGATORIES**

Now comes defendant Carter Broadcasting Corporation ("Carter") and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers the interrogatories of the plaintiff, North American Catholic Educational Programming Foundation, Inc. ("NACEPF") dated December 18, 2006 as follows:

**GENERAL OBJECTIONS AS TO ALL INTERROGATORIES**:

The defendant hereby objects to the plaintiff's discovery on the grounds that said discovery is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege.

**ANSWERS TO INTERROGATORIES**

1. Identify the person answering these interrogatories.

ANSWER NO. 1:

The person answering these interrogatories is Kenneth R. Carberry, President of Carter Broadcasting, Inc.

2. Identify every person or entity who paid Carter for the right to host or broadcast programming on radio station WRIB AM 1220 (the "Station") during 2006.

ANSWER NO. 14:

The sale of the station from Carter to Faith closed on July 7, 2006.

15. Identify any and all efforts made by Faith and/or Carter to determine the size of the listening audience of the Station in 2005 or 2006. Explain when these efforts were made; the techniques used to estimate the audience size; and what results were obtained.

ANSWER NO. 15:

**Objection**. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and not likely to lead to the discovery of admissible evidence. Without waiving the foregoing objection, no efforts were made by Carter to determine the size of the listening audience of the Station in 2005 or 2006. Further, Carter has no knowledge as to whether Faith made any efforts to determine the size of the listening audience.

16. For the period when the Station was under the control of Carter, state the maximum extremities of the propagation signal of the Station, and describe under what circumstances such propagation signal varied.

ANSWER NO. 16:

**Objection**. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and not likely to lead to the discovery of admissible evidence. The defendant further objects to this request as ambiguous, as it fails to define the term "propagation signal". Without waiving the foregoing objection, the defendant states that station signal is 1220 kHz at amplitude modulation ("A.M."), which is found at 1220 on the a.m. dial. The station's signal strength is 1,000 watts during daytime and 166 watts at night.

17. State what the propagation signal for the Station was ever expanded over waterways. If so, provide the details of such expansion.