PROOF OF SERVICE

Providence SC

State of Rhode Island and Providence Plantations

STATE OF RHODE ISLAND SUPERIOR COURT

PROVIDENCE, Sc.

NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC.,

Plaintiff,

v.

No. PC06

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER,

Defendants.

A SERIES OF TRUE COPIES, ATTEST

Burton M. Malkofsky

CONSTABLE

## COMPLAINT

1. This is a civil action for money damages.

### Parties and Jurisdiction

2. Plaintiff North American Catholic Educational Broadcasting Foundation, Inc. ("NACEPF") is a Rhode Island corporation with a principal place of business in Providence, Rhode Island. NACEPF is an independent lay organization and is engaged in telecommunications, including producing and broadcasting religious and educational programming for television and radio.

3. Defendant Carter Broadcasting Corporation ("Carter") is a corporation with a place of business in Boston, Massachusetts.

4. Defendant Faith Christian Center ("Faith") is a church located in Seekonk, Massachusetts.

5. This Court has subject-matter jurisdiction over this action. Carter and Faith have sufficient contacts with the State of Rhode Island to subject them to personal jurisdiction in this Court.

Factual Background

6. Prior to July 2006, Carter owned and operated an AM radio station located in East Providence, Rhode Island known as WRIB 1220 (the "Station").

7. For more than ten years prior to 2006, Carter broadcast half-hour programs produced and supplied by NACEPF on the Station. During this time, NACEPF developed a large listening audience and substantial goodwill among its listeners.

8. Beginning in 2001, NACEPF and Carter entered into a series of one-year contracts to broadcast NACEPF's programming on the Station. Pursuant to these contracts, NACEPF would pay Carter in advance for its yearly programming on the Station in order to ensure the continuity of its programming and goodwill among its listeners.

9. Carter charged NACEPF $28 per each half-hour program (or $56 per hour for two programs). This rate was significantly below the market rate because of the large amount of goodwill which NACEPF had developed for the Station as a result of its quality programming.

10. On March 16, 2006 NACEPF issued to Carter its check #14994 in the amount of fourteen thousand five hundred and sixty dollars ($14,560) which prepaid NACEPF's yearly programming from May 1, 2006 through April 30, 2007. This payment was for 520 half hour programs, two of which would be broadcast each day Monday through Friday each week between May 1, 2006 and April 30, 2007. The total payment was for 520 programs at $28 per program. Carter accepted NACEPF's payment for this airtime on the Station, and the two parties thereby formed a contract (the "Contract").

11. Carter and Faith negotiated for the sale of the Station from Carter to Faith during 2005 and 2006. Upon information and belief, Faith undertook extensive due diligence of the Station, including the taking of soil samples for fear of incurring environmental liability. Upon information and belief, during this due diligence period Faith became aware of the fact that

to replace the broken Contract. Moreover, NACEPF stands to lose many of the listeners and listener goodwill it had developed while broadcasting on the Station.

## CLAIMS FOR RELIEF

## COUNT ONE

## (Breach of Contract Against Carter)

17. NACEPF incorporates by reference the foregoing allegations.

18. Carter breached the Contract. As a proximate result thereof, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Carter has breached the Contract;

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees pursuant to R.I. Gen. Laws § 9-1-45; and

(c) such further relief as this Court deems appropriate.

## COUNT TWO

## (Tortious Interference with Contract Against Faith)

18. NACEPF incorporates by reference the foregoing allegations.

19. Upon information and belief, before Faith acquired the Station from Carter, it knew of the existence of the Contract. Faith intentionally procured a breach of the Contract by purchasing the Station from Carter with the intention of discontinuing all broadcasting by prepaid programmers such as NACEPF, and by in fact terminating broadcast activities at the Station. As a proximate result of Faith's actions, NACEPF has been damaged in an amount to be determined at trial.

WHEREFORE, NACEPF respectfully requests the following relief:

(a) a declaration that Faith tortiously interfered with the Contract;

(b) compensatory damages in an amount to be determined at trial, plus interest, costs, and attorney fees; and

(c) such further relief as this Court deems appropriate.

**DEMAND FOR A JURY TRIAL**

NACEPF hereby demands a jury trial.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By its Attorneys,

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611



PRV_820970_1/MPOGUE