UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), submit the following Reply to the Plaintiff's Objection to Defendants' Motion for Summary Judgment.

**I. The Defendants' Have Not Admitted That A Contract Existed.**

At no time have the defendants in this action admitted that a contract existed between Carter and NACEPF, and to conclude otherwise is a faulty leap of logic. The defendants have never disputed that the plaintiff chose to pay for its programming in advance. However, NACEPF's unilateral decision to pay for broadcasting time in advance did not require Carter to furnish NACEPF with a year's worth of broadcasting time nor did it create a contract between the parties. The following question and answer were exchanged at the deposition of Kenneth Carberry ("Carberry') on August 29, 2007, regarding Carberry's understanding that WRIB and Carter were not required to furnish NACEPF with a year's worth of broadcast time:

> Q. And was it your understanding that after RIB had accepted those checks for a year's worth of airtime, WRIB was required to provide a year's worth of airtime for NACEPF programming?
>
> A. No.
>
> (August 29, 2007 Deposition of Kenneth Carberry, attached as Exhibit "A", p. 31).

It was the understanding of Carberry and John Pierce ("Pierce") that NACEPF's decision to prepay was simply a preferred method of bookkeeping and payment. (*See* ¶ 30 of the Defendants' Statement of Undisputed Facts). Carter accepted NACEPF's payment in advance with the understanding that any unused broadcasting time would simply be refunded to NACEPF. The following question and answer were exchanged at the deposition of Carberry on August 29, 2007, regarding the reason why Carter was not obligated to provide NACEPF with a year's worth of broadcast time:

> Q. Why do you say that RIB was not obligated to provide the shows for which NACEPF had paid?
>
> A. Because, at any time, the radio station could discontinue the programs and return the remainder of whatever the monies were…
>
> (*See* Exhibit "A", p. 32).

Carter's understanding of its relationship with NACEPF is reflected in Carberry's actions, after the sale of WRIB, in refunding the unused portion of NACEPF's broadcasting time. (*See* Exhibit "K", attached to Defendants' Statement of Undisputed Facts).

**The Determination of Whether a Contract Exists is a Question of Law.**

The Supreme Court of Rhode Island has held that the determination of whether a contract existed between two parties is a question of law, which can be appropriately decided on a motion for summary judgment. *Lerner v. Ursillo*, 765 A.2d 1212, 1217 (R.I. 2001)[1]; See also *Nonnenmacher v. The City of Warwick*, 722 A.2d 1199 (R.I. 1999). Additionally, the evidence in this case "point[s] unerringly" in the defendants' favor that no contract was formed between the parties. See *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1 (1st Cir. 1994).

After John Primeau ("Primeau") requested, on several occasions, that Pierce provide him with a contract, Pierce unequivocally informed Primeau why he could not provide him with any type of contract. (Deposition of John Pierce, attached as Exhibit "B", pp. 33-34). Most importantly, Pierce explained to Primeau that the sale of WRIB was imminent and that Pierce had no ability to provide Primeau and NACPEF with a contract. (*See* Exhibit "B", pp. 33-34). Indeed, Primeau was aware that "at any time, [Carberry's] assets were for sale". (Deposition of John Primeau, attached as Exhibit "C", p. 28). Additionally, Primeau was also aware in the spring of 2006 that there was a possibility that WRIB might be sold to Faith. (*See* Exhibit "C", p. 41).

**II. Carter's Alleged Exercise of Dominion Over NACEPF's Funds Was Not An Acceptance of NACEPF'S Alleged Offer.**

NACEPF's funds were placed in a non-interest bearing checking account and NACEPF's credit balance with Carter was carried forward on monthly in-house bills that were prepared by Pierce. (*See* Exhibit "B", pp. 19-20, 23; *see* also monthly billing invoices, attached as Exhibit "D"). NACEPF's funds were deposited in WRIB's account

[1] Relevant case law is attached as an Appendix to this document.

with the understanding that if the station were to be sold the remaining credit balance would be refunded to NACPEF. (*See* Exhibit "B", p. 36). Pierce conveyed this understanding to Primeau in 1999. (*See* Exhibit "B", p. 64). In fact, this is precisely what happened on July 7, 2006, when Carter returned NACEPF's credit balance after the sale of WRIB to Faith. (*See* July 7, 2006 letter from Carberry to Primeau, attached as Exhibit "K" to the Defendants' Statement of Undisputed Facts.)

Additionally, other courts have rejected the notion that the retention or cashing of a check necessarily constitutes acceptance. *See Houston Dairy, Inc. v. John Hancock Mut. Life Ins. Co.*, 643 F.2d 1185, 1187-88 (5th Cir.1981)(concluding that cashing of check, without notice of such act or other notice of acceptance, does not constitute acceptance); Hermes v. William F. Meyer Co., 65 Ill.App.3d 745, 22 Ill. Dec. 451, 382 N.E.2d 841, 846-47 (1978) (stating that facts did not support conclusion that retention of check indicated assent); *see also Rockwood Mfg. Corp. v. AMP, Inc.*, 806 F.2d 142, (7th Cir.1986) (collecting cases and concluding that Indiana had not resolved the issue).

Finally, in the case of *Autographic Register Co. v. Philip Hano Co.*, cited by the plaintiff on page 8 of its Objection, the Court holds that only in the **absence** of a showing of a contrary intention, is the exercise of dominion over things offered, an acceptance. *Autographic Register Co. v. Philip Hano Co.*, 198 F.2d 208 (1st Cir. 1952), emphasis supplied. Pierce clearly demonstrated a contrary intention to Primeau by repeatedly refusing to provide him with a contract. (*See* ¶12, defendant's Statement of Undisputed Facts).

**III. Conclusion.**

For the reasons set forth in Defendants' Memorandum of Law in Support of Motion for Summary Judgment and Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment, and this Memorandum in Reply to the Plaintiff' Objection, and for those reasons to be offered at the hearing of this matter, these defendants hereby respectfully urge this Honorable Court to grant their Motion for Summary Judgment.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 7th day of February, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

H:\clients\Carter Broadcasting\NACEPF\pleadings\Reply Memo.doc