UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER'S MOTION *IN LIMINE* TO DETERMINE THE ADMISSIBILITY OF THE TESTIMONY OF THE PLAINTIFF'S PROPOSED DAMAGES EXPERT, STEVEN APEL**

Now come the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), and hereby request that this Court conduct a pre-testimony evidentiary hearing as to the qualifications, competence and admissibility of Steven Apel's proposed testimony pursuant to Rule 702 of the Federal Rules of Evidence. In support of their motion, the defendants rely upon the attached memorandum of law.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the day of March, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER'S MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO DETERMINE THE ADMISSIBILITY OF THE TESTIMONY OF THE PLAINTIFF'S PROPOSED DAMAGES EXPERT, STEVEN APEL**

In support of their motion *in limine* to determine the admissibility of the testimony of the plaintiff's proposed telecommunication/radio industry damages expert, Steven Apel (Apel"), the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), state as follows:

## INTRODUCTION

Federal Rule of Evidence 702 ("F.R.E. 702"), as set forth in the familiar *Daubert* line of cases, requires that expert testimony, to be admissible, must be the product of reliable principles and methods and must also be based upon sufficient facts or data. The expert must apply the principles and methods reliably to those facts. In this case the principles and methods utilized by Apel are far from reliable and the methods used by Apel are not based on accurate or sufficient facts and data. In essence, Steven Apel's ("Apel") analysis is merely the "ipse dixit of the expert". Finally, pursuant to F.R.E. 702 and 703, the majority of Apel's proposed testimony on damages is irrelevant because it

deals with a time frame beyond the time frame of the alleged contract. Therefore, the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and the possibility of misleading the jury.

**FACTUAL BACKGROUND**

This is an action for breach of contract and tortious interference brought by the plaintiff, North American Catholic Educational Programming Foundation, Inc. ("NACEPF"), alleging that it entered into a contract with Carter, whereby Carter was to provide NACEPF with one years worth of broadcasting time that would survive a sale of the radio station, WRIB, to a third party. NACEPF alleges that the duration of this contract would have been from May 1, 2006 to April 30, 2007. NACEPF also alleges that Faith tortiously interfered with the alleged contract.

On July 19, 2007, NACEPF forwarded to the defendants a copy of Apel's report, entitled "Expert Witness Report Addressing the Damage Claim of North American Catholic Educational Programming Foundation, Inc." (See Expert Witness Report of Steven Apel attached as exhibit "A"). Apel's report erroneously analyzes the "effects visited upon NACEPF on the day that it ceased broadcasting on WRIB and on the day it began broadcasting on WARL". This time frame indicates that Apel's report is based upon inaccurate facts as the alleged contract with Carter would have extended only to April 30, 2007, not until January 21, 2008 as calculated by Apel[1]. (See exhibit "A", pp. 9-10). Apel ultimately comes to the conclusion that NACEPF has suffered $38,993.91 in damages representing the amount "that NACPEF will have to pay to WARL to reach the

[1] Apel appears to calculate the plaintiff's damages in two steps. First from the period of April to May 2007 and then from June 1, 2007 until January 21, 2008 or 33.3 weeks.

same number of people it would have reached had it continued broadcasting on WRIB…" (See exhibit "A", page 11).

**ARGUMENT**

**I. Legal Standard**

In deciding the admissibility of expert testimony, courts have "gate keeping obligations" to ensure expert testimony is reliable. *Kumho Tire Co., Ltd., v. Carmichael etc.*, 526 U.S. 137, 141 (1999). F.R.E. 702 requires that such testimony satisfy three separate relevance and reliability standards: (1) expert testimony must be based upon sufficient facts or data, (2) expert testimony must be a product of reliable principles and methods, and (3) the expert witness must have applied the principles and methods reliably to the facts of the case. (*F.R.E.* 702). The burden of showing the reliability of challenged expert evidence is on the proponent of such evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 Note 10 (9th Cir. 1995). The United States Supreme Court has held that the test for an expert's reliability is an exacting one. *Weisgram v. Marley Co*., 528 U.S. 440 (2000).

As explained in the notes of F.R.E. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-95 (1993) sets forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. The specific factors as set forth by the *Daubert* Court are:

> 1. Whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is simply a suggestive, conclusory approach that can not reasonably be assessed for reliability;
>
> 2. Whether the technique or theory has been subject to peer review and publication;

> 3. The known or potential rate of error of the technique or theory when applied;
>
> 4. The existence and maintenance of standards and controls; and
>
> 5. Whether the technique or theory has been generally accepted in the scientific community. (*F.R.E. 702* Advisory Committee Notes).

Additionally, Congress noted several other factors that may bear on the reliability and admissibility of expert testimony, including: whether the experts opinion grew "naturally and directly out of research" that an expert "conducted independent of the litigation, or whether [he has] developed [his] opinions expressly for purposes of testifying," (*F.R.E. 702* Advisory Committee Notes) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1-11, 1317 (9 Cir. 1995), and "whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion." (*Id. citing General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997).

The ruling in *Daubert* was expanded and refined in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). In *Kumho*, the United States Supreme Court answered two important questions concerning the scope and application of *Daubert*. First, the Court held that the trial court's "gatekeeping role" applies to all expert testimony, whether it is based on scientific knowledge or on experience. *Kumho*, 526 U.S. at 152. Second, the four reliability factors identified in *Daubert* are neither necessarily applicable, nor exclusive in conducting the reliability inquiry. *Kumho*, 526 U.S. at 141-42.

In *Kumho, supra*, the United States Supreme Court emphasized that the trial court's duty was to decide if a particular expert had sufficient specialized knowledge to

assist the jury in deciding a particular issue in the case. *Kumho,* 526 U.S. at 156. Although the plaintiff's expert in *Kumho* claimed that his methods were accurate, nothing in *Daubert* or the Federal Rules of Evidence required the Court to admit opinion evidence that was connected to existing data only by the "*ipse dix*" of the expert. *Id.* at 158, *citing General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997).

Finally, an expert for one purpose is not an expert for all purposes. Even where a witness has special knowledge and experience, qualification to testify as an expert also requires that the area of the witnesses' competence matches the subject matter of the witnesses' testimony. *See* 29 Charles A. Wright. et al., Federal Practice and Procedures Section 6265 at P.255 and nn 34 and 35 (1977). Accordingly, not all opinions that happen to be held by an expert are "expert opinions". See *United States v. Benson*, 941 S.2d 598, 604 (7th Cir. 1991).

**II. Steven Apel's report and his anticipated testimony fail to adhere to the expert opinion standards that are set forth in F.R.E. 702 and related legal doctrine.**

It is important to note from the outset that Apel developed his opinions specifically for use in this litigation. In fact, Apel states that his charge was to determine what damages were incurred by NACEPF as a result of its move from WRIB to WARL. (See exhibit "A", p. 1). It then appears that the techniques utilized in Apel's report reflect a suggestive, conclusory approach. There is no evidence that the techniques utilized by Apel to eventually calculate NACEPF's alleged damages are generally accepted in the industry.

Specifically, it is unclear whether the process of using ComStudy software to determine coverage areas of a radio station, plotted onto a population density map is an accepted method of determining a loss in listening audience. It would seem that Apel's

conclusions are based on pure speculation. Also, the vast majority of Apel's calculations are based erroneously on a contract that would have extended to January 27, 2008. However, as Apel himself acknowledges, the alleged contract only extended to April 30, 2007. Therefore, much of Apel's report is based on irrelevant and incorrect information. Additionally, there is an issue as to whether Apel's generalized background qualifies him to make expert opinions in this matter.

Finally, the defendants have moved this Court for leave to conduct the deposition of Apel, prior to the trial of this matter. Testimony elicited from Apel will undoubtedly raise additional issues to be addressed at the hearing on this matter.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 14th day of March, 2008.


- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com


/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\motion and memlaw in limine as to pltf expert testimony