UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS', CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER, MOTION *IN LIMINE* TO LIMIT PLAINTIFF'S EVIDENCE RELATING TO DAMAGES**

Now come the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), and hereby request that this Court limit the plaintiff's evidence relating to damages by only allowing evidence and testimony relating to damages alleged to have occurred during the period the alleged contract would have been in effect, May 1, 2006 to April 30, 2007. In support of their motion, the defendants rely upon the attached memorandum.

Respectfully submitted,

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

## CERTIFICATION

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 14th day of March, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS', CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER, MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO LIMIT PLAINTIFF'S EVIDENCE RELATING TO DAMAGES**

In support of their motion *in limine* to limit plaintiff's evidence relating to damages, the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), state as follows:

## INTRODUCTION

The defendants seek to have the opinions and testimony of the plaintiff's proposed damages expert, Steven Apel, limited to the alleged damages, if any, that the plaintiff incurred during the period of time when the alleged contract would have been in effect between Carter and North American Catholic Educational Programming Foundation, Inc. ("NACEPF"), May 1, 2006 to April 30, 2007. The defendants seek to have this evidence limited pursuant to Rules 402 and 403 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

The plaintiff alleges in its complaint that a contract was in place between NACEPF and Carter that provided NACEPF with the right to broadcast its programming from May 1, 2006 until April 30, 2007, even if the radio station is sold to a third party. However, it appears that the plaintiff will seek to admit testimony and exhibits which reference and relate to damages incurred by NACEPF after April 30, 2007. Specifically, the report authored by the plaintiff's proposed damages expert, Steven Apel ("Apel"), analyzes damages sustained by NACEPF from April 2, 2007, when NACEPF began broadcasting on WARL, to January 21, 2008. It is also expected that the plaintiff will attempt to introduce exhibits representing advertising and price quotes for advertising that were obtained and published in October of 2007. For the reasons set forth below, the testimony and exhibits relating to these damages are irrelevant and are potentially prejudicial to the defendants and misleading and confusing to the jury.

## ARGUMENT

**I. Any evidence of damages incurred after April 30, 2007, is irrelevant and therefore inadmissible pursuant to F.R.E. 402.**

F.R.E. Rule 402 states in relevant part that "Evidence which is not relevant is not admissible." *F.R.E. 402.* Relevant evidence is defined in F.R.E. Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". *F.R.E. Rule 401*.

The testimony that NACEPF seeks to have admitted and the corresponding report authored by Apel is irrelevant for two reasons. First, Apel's report contemplates damages allegedly sustained by NACEPF long after the alleged contract with Carter

would have expired. NACEPF alleges that the check it provided to Carter on March 14, 2006, created a contract which obligated Carter to provide NACEPF with broadcasting time from May 1, 2006 until April 30, 2007. However, NACEPF has admitted that it had not begun broadcasting its programs again on WARL until April 2, 2007. Therefore, testimony and evidence should be limited to the period from April 2, 2007 until the time that the alleged contract with Carter would have expired on April 30, 2007.

Second, much of Apel's report and his anticipated testimony will focus on the cost to NACEPF to broadcast to the same number of listeners it allegedly had on WRIB. However, this analysis would be relevant only if NACEPF (1) knew the number of listeners it had at WRIB; (2) knew the number of listeners it has at WARL; and (3) derived some benefit from the listening audience. However, as NACEPF elicited no monetary benefit from its listening audience, this testimony is completely irrelevant and should be limited accordingly.

**II. Any relevance that plaintiff's evidence may have is substantially outweighed by its prejudicial nature and the danger it might confuse or mislead the jury**

F.R.E 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *F.R.E.403*. The evidence offered by NACEPF relating to damages incurred after the alleged contract with Carter would have expired is indeed prejudicial as it imputes damages to the defendants which are in no way causally related to the breach of the alleged contact. Additionally, Apel's report is extremely confusing and needlessly complicates what should be a very narrow damages issue on the part of the NACEPF.

Respectfully submitted,

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 14th day of March, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\motion and memlaw in limine to limit pltf damages.doc