UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff North American Catholic Educational Programming Foundation, Inc. hereby moves in limine to exclude certain evidence at the trial of this matter.

In support of this motion, the Court is respectfully referred to the accompanying memorandum.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2008, a copy of the foregoing Plaintiff North American Catholic Educational Programming Foundation, Inc.'s Motion In Limine by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**MEMORANDUM IN SUPPORT**
**OF PLAINTIFF'S MOTION IN LIMINE**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") submits this memorandum in support of its motion in limine. For the reasons given below, evidence and argument concerning the following topics should be excluded from the trial of this matter.

**A. Evidence And Argument Concerning NACEPF's Alleged Failure To Mitigate Damages Should Be Excluded**

In its pretrial brief, defendants Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") assert that NACEPF failed to mitigate its damages after the alleged breach of contract by Carter. "The purpose behind "mitigating damages" is to prevent a party from sitting idly by and allowing further damages to accumulate, which is exactly what NACEPF has done." Defendants' Pre-trial Memorandum, p. 9.

Defendants' failure-to-mitigate defense does not apply to this case, and to allow defendants to assert it will only confuse the jury. Defendants are correct that the duty to mitigate is intended to "prevent a party from sitting idly by and allowing further damages to accumulate."

For example, an employee who is unlawfully fired cannot sit home without looking for replacement employment in order to build up her claim for lost wages.

This case, however, is wholly different. NACEPF alleges that it was entitled to broadcast 420 more programs on WRIB at the time it was taken off the air. That figure -- 420 programs -- was not magnified in any way during the time NACEPF looked for a replacement broadcasting outlet. Whether it took NACEPF three months or three years to find a replacement broadcaster, its damage claim against Carter remained at 420 programs. In short, the passage of time did not increase the magnitude of NACEPF's claim against Carter.

Because defendants' failure-to-mitigate defense does not apply to this case and would only confuse the jury, any evidence and argument related to the defense should be excluded.

**B. Evidence And Argument Concerning The Statute Of Frauds Should Be Excluded**

Defendants argue that NACEPF's breach of contract claim is barred by the Rhode Island statute of frauds, which is codified at R.I. Gen. Laws § 9-1-4. In particular, defendants argue that the contract NACEPF made with Carter could not be performed within one year of the time the contract was made. Defendants Pre-Trial Memorandum, p. 10.

This argument is clearly wrong and should be excluded because it would only confuse the jury. NACEPF contends that a contract was made with Carter to broadcast NACEPF's programming for the one-year period from May 1, 2006 until April 30, 2007. All parties agree that there was no written contract to this effect. Rather, NACEPF alleges that an implied-in-fact contract was created when Carter accepted NACEPF's offer by performance – that is, when it began broadcasting NACEPF's programs on May 1, 2006 – or when Carter cashed NACEPF's check in June 2006. In either case, the contract was capable of performance within one year from the time it was formed.

Defendants' argument is based on their assumption that NACEPF contends that the contract was formed in March 2006, when NACEPF tendered a check to Carter for 520 shows. As shown above, that is not NACEPF's position. It is certainly not defendants' position, either. Since no party contends that a contract was formed in March 2006 for the broadcast period May 1, 2006 until April 30, 2006, defendants' statute of fraud defense is clearly baseless, and would only confuse the jury. Evidence and argument related to the defense should therefore be excluded.

### C. The Newspaper Articles Defendants Propose To Introduce Should Be Excluded As Hearsay

Defendants propose to offer a newspaper article from The Providence Journal "to evidence statements made by John Primeau regarding NACEPF's programming." They intend to offer another newspaper article, from The Phoenix, "to evidence statement made by Rev. John Pfeffer." Defendants Proposed Trial Exhibits, Items H and I.

Generally, newspaper articles are hearsay and therefore inadmissible. Libertad v. Welch, 53 F.3d 428, 443 n.12 (1st Cir. 1995) ("These newspaper articles, unlike the press release, are hearsay, and thus inadmissible to prove the truth of the matter asserted therein."); Gantt v. Whitaker, 57 Fed. Appx. 141, 150 (4th Cir. 2003) ("newspaper articles are inadmissible hearsay"); Barnes Foundation v. Town of Lower Merion, 242 F.3d 151, 163 n.8 (3rd Cir. 2001) ("The newspaper article is hearsay and cannot be considered).

Even newspaper accounts that quote a party are held inadmissible, unless testimony from the reporters or editors who wrote the story is elicited:

> In the present matter, newspaper articles including statements by defendant Hoettel are hearsay, even though the statements themselves are not hearsay because they are admissions of party opponents in their official capacities. The Plaintiff has failed to show that newspaper articles are admissible under the residual

> exception to the hearsay rule, since testimony from reporters or editors themselves regarding what the commissioner said or wrote would have been better evidence.

Wright v. Montgomery County, 2002 WL 1060528 *2 (E.D. Pa. 2002); ACLU of Nevada v. City of Las Vegas, 13 F.Supp. 2d 1064, 1071 (D. Nev. 1998) (same).

Accordingly, without testimony from the reporters who wrote the newspaper articles in question, the proposed articles should be excluded.

**D. The Documents From 1320 WARL Radio Are Hearsay And Should Be Excluded**

Defendants propose to offer documents from a non-party radio station, 1320 WARL, "to evidence the demographics makeup and schedule for the radio station now broadcasting NACEPF's radio programs." Defendants Proposed Trial Exhibits, Item L.

This document is hearsay. It is an out-of-court statement offered to prove the truth of the matters asserted therein. It should therefore be excluded.

**E. WRIB's Billing Invoices For Other Parties Should Be Excluded**

Defendants propose to offer "WRIB's billing invoices for other clients." Defendants Proposed Trial Exhibits, Item O. These are being offered "to show the rates that other WRIB clients were charged fro broadcasting time." Id.

These documents should be excluded because they are irrelevant. The rates which defendants charged NACEPF or others for broadcast time are not at issue in this case.

## Conclusion

For the foregoing reasons, NACEPF's motion in limine should be granted.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2008, a copy of the foregoing Plaintiff North American Catholic Educational Programming Foundation, Inc.'s Memorandum In Support of Motion In Limine by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue