UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' "MOTION IN LIMINE TO LIMIT PLAINTIFF'S EVIDENCE RELATING TO DAMAGES"**

Plaintiff North American Catholic Educational Programming Foundation, Inc. hereby objects to defendants' "Motion In Limine To Limit Plaintiff's Evidence Relating To Damages."

In support of this objection, the Court is respectfully referred to the accompanying memorandum.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing Plaintiff's Objection To Defendants' "Motion In Limine To Limit Plaintiff's Evidence Relating To Damages was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' "MOTION IN LIMINE TO LIMIT PLAINTIFF'S EVIDENCE RELATING TO DAMAGES"**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") submits this memorandum in support of its objection to the defendants' motion in limine to limit plaintiff's evidence relating to damages (the "Motion"). As shown below, the Motion is baseless and should be denied.

**Factual Background**

NACEPF alleges that it made a contract with defendant Carter Broadcasting Corporation ("Carter") whereby Carter would broadcast 520 half-hour radio programs for NACEPF between May 1, 2006 and April 30, 2007. NACEPF further alleges that Carter broke the contract when it sold its radio station, WRIB, to co-defendant Faith Christian Center, Inc. ("Faith"). It is undisputed that, at the time Carter sold WRIB to Faith, Carter had broadcast only 100 of the 520 shows NACEPF had paid Carter to broadcast.

After Faith refused to allow NACEPF to continue broadcasting on WRIB, NACEPF located another radio station, WARL, which agreed to broadcast NACEPF's half-hour programs.

WARL, however, charges NACEPF more for each half-hour program than WRIB did. Moreover, WARL's signal reaches a smaller number of persons than WRIB's did.

NACEPF has retained an expert witness, Steven Apel ("Apel"), who will offer his opinion of the damages sustained by NACEPF as a result of the discontinuation of NACEPF"S broadcast rights on WRIB. In particular, with regard to the 420 shows that were remaining on the Carter-NACEPF contract at the time Carter sold WRIB, Apel will calculate the damages sustained by NACEPF by reason of the fact that WARL charges more for each show than WRIB did. Apel will also calculate the damages sustained by NACEPF with respect to those 420 shows by reason of the fact that the WARL signal reaches a smaller market. Apel's analysis, reflected in his expert report, was provided to defendants on July 17, 2007.

On March 14, 2008, defendants filed the Motion. Defendants appear to advance two arguments in the Motion. First, they contend that "testimony and evidence [concerning NACEPF's damages] should be limited to the period from April 2, 2007 until the time that the alleged contract with Carter would have expired on April 30, 2007." Motion, p. 3. Second, defendants argue that because NACEPF "elicited no monetary benefit from its listening audience," testimony concerning its claimed damages "is completely irrelevant and should be limited accordingly." Id.

## Argument

Defendants' first argument misapprehends the nature of NACEPF's damage claims. Their second argument is plainly groundless.

### I. The Motion Should Be Denied Because NACEPF's Damages Are Determined By The Number Of Unaired Shows, Not The Original Contract Dates

Defendants' focus on the dates of the NACEPF-Carter contract is misguided. It is true that that contract was supposed to run from May 1, 2006 through April 30, 2007. But the fact

that Carter breached that contract and thereby forced NACEPF to secure replacement broadcast services does not mean that NACEPF's damages are limited to the period ending April 30, 2007. As NACEPF demonstrated in its pretrial brief and proposed jury instructions, when a contract is breached the injured party is entitled to be restored to the position it would have been in had there been no breach. Here, Carter breached the contract when it was still under an obligation to broadcast 420 more of NACEPF's shows. To put itself in the same position it would have been in had Carter performed, NACEPF was entitled to secure "cover," or replacement broadcast services. The expense of that "cover" is the cost NACEPF paid to broadcast the 420 shows that Carter never broadcast.

Defendants offer no support for their argument that NACEPF's contract damages must be limited by the term of the original contract, and that concept is plainly incorrect. To measure NACEPF's damages, what matters is the extent of the unperformed contract (420 shows), not the dates of the original contract.[1]

## II. The Motion Should Be Denied Because "Eliciting Monetary Benefit" Is Not A Prerequisite To Asserting A Claim For Breach Of Contract

In their second argument, Defendants appear to contend that, because NACEPF did not derive any monetary benefit from its broadcasts on WRIB, it cannot maintain a breach of contract claim against Carter. Unsurprisingly, defendants offer no authority in support of this strange assertion.

Monetary gain is not a prerequisite to the maintenance of a breach of contract claim. Charities, non-profit corporations (such as NACEPF), and other parties who execute contracts without expecting to benefit financially from the contract are of course permitted to sue if the

[1] Assume that Carter had broken its broadcast contract with NACEPF with only ten days remaining on the original contract term, and that it took NACEPF six months to locate a replacement broadcaster. Under the defendants' theory, NACEPF would be left without a remedy because the replacement broadcasting did not take place within the term of the original contract. This conclusion cannot be correct.

contract is breached. In such cases, as discussed above, the measure of damages is the cost to place the injured party in the same position it would have been in had the contract been performed. It is not necessary that the injured party had a pecuniary motive in order to recover.[2]

**Conclusion**

For the foregoing reasons, the Motion should be denied.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

[2] For example, assume that supporters of Sen. Hillary Clinton contract to place an advertisement on a billboard urging people to vote for her. Assume further that the billboard owner then sells his billboard to a third party before the ad is posted. Are the supporters left without a remedy because their contract did not envision monetary gain? Of course not. Their damages will be measured – as in this case—by the extra cost, if any, to secure a replacement billboard.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing Memorandum In Support of Plaintiff's Objection To Defendants' "Motion In Limine To Limit Plaintiff's Evidence Relating To Damages was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue



PRV 943945.2