UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' "MOTION FOR LEAVE TO TAKE THE DEPOSITION OF PLAINTIFF'S PROPOSED EXPERT, STEVEN APEL"**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") hereby objects to defendants' "Motion For Leave To Take The Deposition Of Plaintiff's Proposed Expert, Steven Apel."

In support of this objection, the Court is respectfully referred to the accompanying memorandum.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing Plaintiff's Objection To Defendants' "Motion For Leave To Take The Deposition of Plaintiff's Proposed Expert, Steven Apel" was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' "MOTION FOR LEAVE TO TAKE THE DEPOSITION OF PLAINTIFF'S PROPOSED EXPERT, STEVEN APEL"**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") submits this memorandum in support of its objection to defendants' "Motion For Leave To Take The Deposition Of Plaintiff's Proposed Expert, Steven Apel" (the "Motion"). For the reasons given below, the Motion should be denied.

## Factual Background

Discovery was originally scheduled to close in this case on June 5, 2007. On May 22, 2007, the Court granted the parties' joint motion to extend the discovery closure date to September 5, 2007.

On or around July 18, 2007, NACEPF timely served defendants with a copy of the expert report of Steven Apel ("Apel").

On September 17, 2007, defendants filed an assented-to motion to extend the discovery closure deadline to October 22, 2007. The Court granted this motion on September 19, 2007.

On November 2, 2007, defendants' filed another assented-to motion to extend discovery. This time they requested that discovery be extended until November 21, 2007. The Court granted that motion on November 5, 2007.

On December 3, 2007, defendants filed an assented-to motion to extend the deadline for filing dispositive motions until December 12, 2007. This Court granted that motion on December 4, 2007.

The defendants moved for summary judgment on December 12, 2007. The Court denied that motion, after hearing, on March 3, 2008. On the same day, the Court announced that it was putting this case on the trial calendar, to be tried in late March or early April.

Eleven days later, on March 14, 2008, defendants filed the Motion. In the Motion, defendants concede that they failed to depose Apel within the allowable time frame, but explain that they waited to depose him because they thought they would win the case on summary judgment:

> Since the defendants believed that they had a strong chance of prevailing on a motion for summary judgment on the liability issues in this case, the expert deposition of Apel was not noticed during the discovery time frame.

Motion, p. 1.

## **Argument**

There are several reasons why the Motion should be denied.

First, defendants' request to depose Apel is grossly out of time. Discovery in this case closed – after defendants twice moved to extend the discovery closure deadline – on November 21, 2007. Even though they have had Apel's expert report since mid-July 2007, defendants did not move to depose Apel until March 14, 2008. That is nearly four months after the close of

discovery, and eight months since they were given a copy of the report. For that reason alone, the Motion should be denied.

Second, the reason defendants offer to excuse their failure to depose Apel within the allowable discovery period is unconvincing. Defendants frankly concede that they adopted a "wait and see" approach to deposing Apel. They calculated that, if their summary judgment motion were denied, they could always ask the Court for leave to depose Apel at that point. This rather presumptuous approach to discovery should not be countenanced. This and other courts have repeatedly made clear that case management deadlines must be taken seriously. As this Court stated last year:

> To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process -- and a party's disregard of such orders robs them of their utility. For that reason, litigants have an "unflagging duty to comply with clearly communicated case management orders." Thus, a litigant who ignores case-management deadlines does so at her peril.

Murphy v. Maine, 2007 WL 2Y28814 at * 3 (D.R.I. 2007) (Lisi, J.) (citations omitted, emphasis added).

This means that, instead of banking on the Court's permitting depositions to go forward after discovery has closed, parties must take whatever depositions they need while discovery is still open. It is obvious that, if parties were permitted to take the "wait and see" approach adopted by defendants here, discovery deadlines would be meaningless.[1]

Third, the Motion should be denied because permitting the last-minute deposition requested by defendants would be disruptive and unfair to NACEPF. The trial in this case is scheduled to begin in one week. NACEPF is presently spending substantial time preparing for

[1] Defendants' position would be more credible if they had noticed Apel's deposition during the discovery period, even if they didn't then actually conduct the deposition. But defendants did not even notice this deposition during the discovery period they repeatedly sought to extend.

that trial. Permitting defendants to depose Mr. Apel now, because they miscalculated the strength of their summary judgment motion, would disrupt NACEPF's trial preparation activities, and would therefore be unfair to NACEPF.[2] For that reason also, the Motion should be denied.[3]

**Conclusion**

For the foregoing reasons, the Motion should be denied.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

[2] Mr. Apel lives and works in New Jersey. Presumably, the parties would have to travel to New Jersey to depose him.

[3] Mr. Apel advises that his availability for a deposition is limited in any event. He must attend to a business matter on either Monday or Wednesday. He teaches class on Tuesday afternoons. On Thursday, he is scheduled to receive an injection for chronic back pain that renders him unable to drive for the next 24 hours.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing Memorandum of Law In Support Of Plaintiff's Objection To Defendants' "Motion For Leave To Take The Deposition of Plaintiff's Proposed Expert, Steven Apel" was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue