UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS, CARTER BROADCASTING CORPORATION'S AND FAITH CHRISTIAN CENTER'S REQUESTED JURY INSTRUCTIONS**

**Elements of a Contract:**

**1. Offer**

(a) In order to form a contract, there must be an offer. An offer is a communication which gives the recipient the ability to conclude the contract by accepting the offer. In order for a communication to constitute an offer, the communication should definitively set forth the terms of the promise undertaken such that the price, quality, quantity and/or obligations are clearly specified.

(b) The offeror controls the offer and terms of acceptance. The offeror may withdraw his/her offer at any time before acceptance.

(c) An offer that does not contain a deadline for acceptance is held to be open for a reasonable time.

(d) Part performance makes an offer irrevocable.

*Crellin Technologies v. Equipment Lease Corp*., 18 F.3rd 1 (1st Cir. 1994); *In re: New Plaza Associates*, 985 F.2d 640 (1st Cir. 1993); *Bina v. Providence College*, 844 F.Supp. 77 (D.R.I. 1994); *aff'd*. 39 F.3rd 21 (1st Cir.); *cert den*., 115 S.Ct. 1406 (1995).

**2. Acceptance**

(a) To form a contract the offeree must accept the offer. In order to accept the terms of the original offer, the acceptance must be definite, unequivocal, and absolute.

(b) A qualified acceptance which changes the terms of the offer is not an acceptance but is a counteroffer. If an offeree responds to an offer by attempting to impose additional conditions by changing the terms in any way, then an acceptance of the offer has not occurred. When the offeree imposes a condition and/or limitation to an offer that was presented, the offeree is making a counteroffer which requires acceptance by the original offeror in order for a contract to exist.

(c) The offeree must communicate acceptance. Acceptance must be definite and unequivocal.

*Kenney Manufacturing. Co. v. Starkweather & Shepley, Inc*., 643 A.2d 203 (R.I. 1994); *Ardente v. Horan*, 117 R.I. 254, 366 A.2d 162 (R.I. 1976); Restatement of Contracts (2nd), Section 69(c).

**3. Consideration**

(a) All contracts, express or implied, must include valid consideration. Consideration consists of some right, interest or benefit flowing to one party or some forbearance, detriment or responsibility undertaken by the other.

(b) The parties must have bargained for this consideration and the consideration must induce performance by the party receiving it.

(c) If the parties have bargained for and received consideration, you should not consider whether the consideration was adequate.

*National Education Association-Rhode Island by Scigulinsky v. Retirement Board of Rhode Island Employees Retirement System*, 890 F.Supp. 1143 (D.R.I. 1995); *Flanders & Medeiros, Inc. v. Bogosian*, 868 F.Supp. 412, affirmed in part, reversed in part, 65 F.3d 198 (1st. Cir. 1995); *Hayes v. Plantations Steel Co.*, 438 A.2d 1091 (R.I. 1982).

**4. <u>Mutuality of Agreement</u>**

(a) The formation of a contract requires that the parties to the contract mutually indicate that they agree to it.

(b) There must be a meeting of the minds on the essential elements of the contract. By a "meeting of the minds" we mean that both parties to the contract must express or manifest agreement to the same terms.

*Bourque v. F.D.I.C.*, 42 F.3d 704 (1st Cir. 1994), citing Restatement (Second) of Contracts, §17; *Soar v. National Football League Players Association*, 438 F.Supp. 337 (D.R.I. 1975); aff'd, 550 F.2d 1287 (1st Cir. 1977); *J. Koury Steel Erectors, Inc. of Mass. v. San-Vel Concrete Corp.*, 120 R.I. 360; 387 A.2d 694 (1978).

**5. <u>Mutuality of Obligation</u>**

(a) A bilateral contract involves mutual promises which simultaneously obligate the parties.

(b) A unilateral contract arises when a party makes promise in exchange for another's act or performance.

(c) Because the act or performance sought in a unilateral contract constitutes bargained for detriment (consideration), the return promise has no effect on the bargain, and only fulfillment by performance will create a contract and establish the rights and duties of parties.

(d) A bilateral contract requires mutuality of obligation which is achieved when both parties are legally bound through the making of reciprocal promises.

(e) If an offeror expressly reserves power to revoke its offer until offeree's performance is complete, the offer is illusory and cannot give rise to a unilateral contract.

*McGrath v. Rhode Island Retirement Board*, 88 F.3d 12 (1st. Cir. 1996); *B&D Appraisal v. Gaudette Machinery Movers, Inc.*, 733 F.Supp. 505 (D.R.I. 1990); *Centerville Builders, Inc. v. Wynne*, 685 A.2d 1340 (R.I. 1996).

*N.E.A. of R.I. v. Retirement Board*, 890 F.Supp 1143 (D.R.I. 1995); *A and B Construction, Inc. v. Atlas Roofing & Skylight Co.*, 867 F.Supp. 100 (D.R.I. 1994); *Marshall Contractors v. Brown University*, 692 A.2d 665 (R.I. 1997); *Bailey v. West*, 105 R.I. 61, 249 A.2d 414 (1969); *Hayes v. Plantation Steel Co.*, 438 A.2d 1091 (R.I. 1982).

**6. Tortious Interference With Contractual Relations – Elements:**

NACEPF has claimed that Faith tortiously interfered with its contract with Carter for a year's worth of broadcasting time. To succeed on its claim for tortious interference with contractual relations, NACEPF must prove the following:

(a) That NACEPF had an existing contract with Carter;

(b) That Faith knew of the existence of NACEPF's alleged contract with Carter;

(c) That Faith intentionally interfered with the alleged contract; and

(d) That NACEPF suffered damages as a result of Faith's interference.

*Banco Totta e Acores v. Fleet Nat'l Bank*, 768 F. Supp. 943, 950 (D.R.I. 1991).

**7. Existing Contract**

The first element that NACEPF must prove is that it had an existing contract with Carter. To prove this NACEPF must show (See Instructions 1 through 5).

*Banco Totta e Acores v. Fleet Nat'l Bank*, 768 F. Supp. 943, 950 (D.R.I. 1991).

**8. Knowledge**

NACEPF must prove that Faith knew of NACEPF's alleged contract with Carter. Faith had to be actually aware that NACEPF's alleged contract with Faith existed. NACEPF cannot recover for an unknowing interference.

*Banco Totta e Acores v. Fleet Nat'l Bank*, 768 F. Supp. 943, 950 (D.R.I. 1991); 4 Restatement (Second) Torts § 766C (1979)(negligent interference is not sufficient)

**9. Intentional and Tortious**

NACEPF must prove that Faith interfered with its alleged contract with Carter and that this interference was tortuous. Faith's actions were tortious if it acted intentionally and without justification.

*Banco Totta e Acores v. Fleet Nat'l Bank*, 768 F. Supp. 943, 950 (D.R.I. 1991); 4 Restatement (Second) Torts § 766 and comment s; §§ 767-768 (1979).

**10. Damages**

NACEPF must prove that it suffered damages as a result of Faith's tortious interference. Please refer to Instructions numbered  to 11 and 12.

**11. Consequential Damages**

(a) The non-breaching party must prove his/her damages by a preponderance of the evidence. You may award the amount of damages that will put the non-breaching party in the same position he/she would have been in had the breach not occurred. Damages must proximately result from the breach of the contract. The Plaintiff is entitled to recover the damages that were originally contemplated by the parties when the contract was entered into.

(b) The plaintiff has the burden of proving by competent evidence the damages sustained as a result of a breach of contract. The plaintiff must prove damages by a reasonable degree of certainty and the plaintiff may not rely on speculation. The underlying rationale on a breach of contract action is to place the innocent party in the position he/she would have been in if the contract had been fully performed.

*National Chain Co. Campbell*, 487 A.2d 132 (R.I. 1985); *Alterio v. Biltmore Construction Corp.*, 119 R.I. 307, 377 A.2d 237 (1977); *George v. George Berkander Inc.*, 92 R.I. 426, 169 A.2d 370 (1961).

**12. Duty to Mitigate damages**

The non-breaching party has an obligation to take reasonable steps to mitigate damages. The purpose behind "mitigating damages" is to prevent a party from sitting idly by and allowing further damages to accumulate. If a person fails to mitigate damages, he/she is prohibited from recovering the damages that he/she could reasonably have avoided. The defendant has the burden of proving that the plaintiff failed to adequately mitigate his/her damages.

*Bobby's Refrigeration v. Salisbury*, 603 A.2d 726 (R.I. 1992).

**Expert Witnesses:**

**13. Expert Witnesses Generally**

The law ordinarily does not permit a witness to testify as to opinions or conclusions. An exception to this rule exists for those witnesses we call "expert witnesses." These are persons who, by education and experience, have become expert in an art or science, profession or calling and, as a result, may state their opinions as to relevant and material matters in which they are experts, and they may also state the basis for their opinion.

*See, Richardson v. Fuchs*, 523 A.2d 445 (R.I. 1987).

**14. Acceptance of Expert's Testimony**

Simply because a witness has been identified to you as an expert does not mean that you are required to accept what he/she says as true. You must consider each expert opinion received in this case and give it such weight as you may think it deserves. You may entirely disregard the opinion of an expert or any part of the opinion of an expert. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience or if you should conclude that the expert's reasons given in support of his/her opinion are not sound or complete, or if you feel it is outweighed by other evidence, you may disregard the opinion entirely.

*Larriviere v. Dayton Safety Ladder Co.*, 525 A.2d 892 (R.I. 1987); *Kyle v. Pawtucket Redevelopment Agency*, 106 R.I. 670, 262 A.2d 636 (R.I. 1970); *see, In re Kelley*, *131 B.R. 532* (Bkrtcy. D.R.I. 1991).

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, #3459

David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was electronically mailed by CM/ECF to the following individual on the 1st day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq.

h:\clients\Carter\NACEPF\pleadings\jury instructions 3.10.08.doc