UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS', CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER, OBJECTION TO PLAINTIFF'S MOTION IN LIMINE**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") hereby object to plaintiff, North American Catholic Educational Programming Foundation, Inc.'s ("NACEPF") Motion in Limine.

In support of this Objection, the defendants rely on the attached memorandum of law.

Respectfully submitted,

CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 4th day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\Defs Obj to Plts Motion in Limine.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER *Defendants*. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS', CARTER BROADCASTING CORPORATION AND FAITH CHRISTIAN CENTER, OBJECTION TO PLAINTIFF'S MOTION IN LIMINE**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") submit this memorandum in support of their objection to plaintiff, North American Catholic Educational Programming Foundation, Inc.'s ("NACEPF") Motion in Limine.

**ARGUMENT**

**A. NACEPF's Motion Should Be Denied And Evidence And Argument Concerning NACEPF's Failure to Mitigate Its Damages Should Be Admitted Accordingly.**

NACEPF intends to introduce as evidence the report of its proposed expert, Steven Apel. In this report Mr. Apel baldly asserts that "WARL falls far short of amassing the audience WRIB gained" and that "…NACEPF will have to undertake extensive promotional and advertising activities to maximize the audience it reaches through WARL." (*See* Plaintiff's proposed expert report authored by Steven Apel, pp. 6-7). Indeed, NACEPF's damages claim consists of "the increased cost to reach the

audience it would have reached on WRIB…" and "advertising costs NACEPF incurred in publicizing its move to WARL." (*See* NACEPF's supplemental answers to defendants' interrogatories, attached as Exhibit "A", Answer No. 10).

The defendants intend to show that had NACEPF mitigated its damages as required by law, the above damages would have been significantly reduced. NACEPF has, since the time of the alleged breach of contract and currently, maintained a sophisticated website that enables people visiting the NACEPF website to listen to its radio programming on their computers. Therefore, any faithful listener to NACEPF programming can go to the NACEPF website and select and listen to any of NACEPF's radio programs. However, NACEPF failed to make available the programs that would have aired on WRIB on its website, thereby mitigating its damages with regard to loss of listening audience. The defendants should be permitted to introduce evidence and argument regarding NACEPF's failure to place its unaired programs on its website.

Additionally, the defendants intend to show that NACEPF failed to indicate on its website in April 2007 that its programming had moved to WARL. The following exchange occurred at the deposition of John Primeau on **August 28, 2007**:

> Q. All right. Anywhere on your web site do you indicate that the programming is now available on WARL?
>
> THE WITNESS: Do I do that?
>
> MR. MAGLIO: Do you indicate that, yes.
>
> **A. No, I haven't because it's the summertime…**
>
> (August 28, 2007, deposition of John Primeau, p. 66, emphasis added)

The defendants intend to offer argument and evidence that NACEPF failed to mitigate its damages by refraining from advertising on its own webpage that its programming had moved.

**B. <u>Evidence and Argument Concerning The Statute of Frauds Should Be Admitted.</u>**

NACEPF now alleges that Carter contracted to provide it with 520 half-hour radio programs. By NACEPF's own admission, the alleged contract between Carter and NACEPF was for the broadcasting of 520 half-hour radio programs not the broadcasting of 520 half-hour programs between May 1, 2006 and April 30, 2007. [1] For example, NACEPF on page 2 of its Objection to Defendants Motion in Limine to Limit Evidence Relating to Damages states that, "…NACEPF's Damages Are Determined By The Number of Unaired Shows, Not The Original Contract Dates." (See NACEPF's Objection to Defendants Motion in Limine to Limit Evidence Relating to Damages, p. 2). Similarly, NACEPF states on page 3 of this document that, "what matters is the extent of the unperformed contract (420 shows), not the dates of the original contract." (Id. at p. 3).

Parties to a contract may contemplate that it will not be fully performed within a year, and such a contract will fall within the Statute of Frauds if performance within a year would itself be clearly contrary to the intentions of the parties. *International Business Machines Corp. v. Catamore Enterprises, Inc.*, 548 F.2d 1065, n. 18 (1st Cir. 1976). Here, based on NACEPF's own argument, the alleged contract with Carter was not for a definitive period of time but would extend for however long it would take Carter

[1] So for example, if there was a power outage at WRIB and NACEPF was unable to broadcast its programs, NACEPF would, pursuant to its argument, be entitled to broadcast those programs even after April 30, 2007.

to air NACEPF's 520 shows. Therefore, the defendants should be permitted to introduce argument and evidence that the alleged contract between Carter and NACEPF violated the Statute of Frauds as codified in R.I.G.L. § 9-1-4.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 4rth day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\Defendants memo in suppt obj to Plts motion in limine.doc