UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTH AMERICAN CATHOLIC EDUCATIONAL
PROGRAMMING FOUNDATION, INC.,
Plaintiff,

v. C.A. No. 06-431

CARTER BROADCASTING CORPORATION AND
FAITH CHRISTIAN CENTER, Inc.,
Defendants.

# JURY INSTRUCTIONS

TABLE OF CONTENTS


1. PROVINCE OF THE COURT AND JURY . . . . . 1

2. ALL PERSONS EQUAL BEFORE THE LAW – CORPORATIONS . . . . . 1

3. EVIDENCE IN THE CASE . . . . . 2

4. PREPONDERANCE OF THE EVIDENCE . . . . . 3

5. "IF YOU FIND" . . . . . 4

6. EVIDENCE – DIRECT, INDIRECT, OR CIRCUMSTANTIAL . . . . . 4

7. INFERENCES – DEFINED . . . . . 4

8. CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY . . . . . 5

9. OPINION EVIDENCE – EXPERT WITNESS . . . . . 6

10. NATURE OF THE PLAINTIFF'S CLAIMS . . . . . 7

11. SEPARATE CLAIMS . . . . . 7

12. BREACH OF CONTRACT – ELEMENTS . . . . . 7

13. CONTRACT – DEFINED . . . . . 8

14. OFFER . . . . . 9

15. ACCEPTANCE . . . . . 10

16. CONSIDERATION . . . . . 10

17. MUTUALITY OF AGREEMENT . . . . . 11

18. MUTUALITY OF OBLIGATION . . . . . 11

19. IMPLIED CONTRACT/IMPLIED IN FACT . . . . . 12

20. EXISTENCE OF CONTRACT . . . . . 12

21. BREACH OF CONTRACT – DEFINED . . . . . 13

22. TORTIOUS INTERFERENCE WITH CONTRACT – ELEMENTS . . . . . . . . . . . . . . .13

23. EXISTENCE OF A CONTRACT – TORTIOUS INTERFERENCE . . . . . . . . . . . . . . . 14

24. KNOWLEDGE OF A CONTRACT – TORTIOUS INTERFERENCE . . . . . . . . . . . . . 14

25. CAUSATION – TORTIOUS INTERFERENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26. CONSIDER DAMAGES ONLY IF LIABILITY IS PROVEN. . . . . . . . . . . . . . . . . . . . .15

27. MITIGATION OF DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28. BREACH OF CONTRACT – DAMAGES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

29. TORTIOUS INTERFERENCE WITH CONTRACT – DAMAGES. . . . . . . . . . . . . . . . 16

30. DELIBERATIONS – GENERAL CONSIDERATIONS. . . . . . . . . . . . . . . . . . . . . . . . . 16

31. VERDICT – UNANIMITY & DUTY TO DELIBERATE. . . . . . . . . . . . . . . . . . . . . . . .17

32. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

1. PROVINCE OF THE COURT AND JURY

Members of the Jury, now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you instructions as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts of the case as you determine those facts to be from the evidence in this case. You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are to adhere to the Court's instructions.

Further, nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather that is yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

2. ALL PERSONS EQUAL BEFORE THE LAW – CORPORATIONS

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons,

including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

3. EVIDENCE IN THE CASE

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the facts in this case, you are to consider only the evidence that properly has been put before you. It is the duty of the Court, during the course of trial, to pass upon the admissibility of proffered evidence, that is, to decide whether or not you should consider proffered evidence. Such evidence as the Court admits is properly before you for your consideration; such evidence as the Court has refused to admit is not a proper subject for your deliberations and should not be given consideration by you.

Papers, documents, and other objects admitted into evidence by the Court are a part of the evidence properly before you and will be available to you in the jury room for consideration during your deliberations.

The fact that the Court admitted evidence over objection should not influence you in determining the weight you should give such evidence. Nor should statements made by counsel, either for or against the admission of such evidence, influence your determination of the weight you will give the evidence, if admitted. In other words, you should determine the weight you will give such evidence on the basis of your own consideration of it and without regard to the ruling of the Court or the statements of counsel concerning the admissibility of such evidence.

Nor should you permit objection by counsel to the admission of evidence, or the rulings of the Court thereon, to create any bias or prejudice in your minds with respect to counsel or the party he or she represents. It is the duty of counsel to protect the rights and interests of his or her client, and in the performance of that duty he or she freely may make objection to the admission of proffered evidence and should not, in any manner, be penalized for doing so.

4. PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence in this case, you should find for the defendant.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

5. <u>"IF YOU FIND"</u>

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

6. <u>EVIDENCE – DIRECT, INDIRECT, OR CIRCUMSTANTIAL</u>

As I told you at the beginning of the case, there are two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—that is, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

7. <u>INFERENCES – DEFINED</u>

You are to consider only the evidence in the case. In your consideration of the evidence, however, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in this case. Inferences may not be

based on speculation or conjecture.

8. CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, the manner in which the witness testified, the character of the testimony given, or evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case—including statements that he or she may have made on some prior occasion.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional

falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

9. <u>OPINION EVIDENCE—EXPERT WITNESS</u>

While the rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions, an exception exists as to those persons whom we refer to as "expert witnesses." These are witnesses who, by education and experience, have become expert in some art, science, profession, or calling, and thus may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider the expert opinion received in evidence in this case, and give it such weight as you may think it deserves, whether it was based on personal observations or on hypothetical questions. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

In this case, Steven Apel was presented as an expert witness.

10. NATURE OF THE PLAINTIFF'S CLAIMS

The plaintiff in this case is North American Catholic Educational Programming Foundation, Inc. ("NACEPF"); the defendants are Carter Broadcasting Corporation ("Carter Broadcasting") and Faith Christian Center, Inc. ("Faith"). NACEPF filed suit against Carter Broadcasting alleging breach of contract. NACEPF alleges that Carter Broadcasting breached a contract to broadcast NACEPF's programming on a radio station owned by Carter Broadcasting. Carter Broadcasting eventually sold the radio station that was broadcasting NACEPF's programming to Faith. NACEPF further alleges that defendant Faith impermissibly interfered with NACEPF's contract with Carter Broadcasting. NACEPF claims that, as a result of the alleged breach of contract and tortious interference with its contract, it has suffered damages.

11. SEPARATE CLAIMS

NACEPF has asserted a separate legal claim against each of the defendants. I will first discuss NACEPF's breach of contract claim against Carter Broadcasting and then I will discuss NACEPF's tortious interference with contract claim against Faith.

12. BREACH OF CONTRACT – ELEMENTS

In order for NACEPF to prevail on its breach of contract claim against Carter Broadcasting, it must prove three elements by a preponderance of the evidence:

*First,* that a contract existed between NACEPF and Carter Broadcasting;

*Second,* that the Carter Broadcasting breached that contract; and

*Third,* that the loss or damages being claimed were caused by Carter Broadcasting's

breach.

13. CONTRACT – DEFINED

A contract is a legally binding agreement between two or more parties. A contract need not be in any particular form or words. It may be written or oral.

A contract need not be contained in a single document. It may consist of any number of documents or conversations or both, as long as they all constitute part of the same agreement. The key factor in determining whether a contract exists is the intent of the parties as evidenced by their acts in the surrounding circumstances. It is not what the parties secretly intend that governs, but rather it is what they manifest to each other by words or conduct that determines whether a contract exists and, if so, what its provisions are.

In order for a contract to be formed, both parties must manifest agreement to all of the essential terms and they must also manifest an intent to be bound by the agreement. There can be no contract if only one party consents or agrees to be bound. Both parties have to consent and agree to be bound.

Every contract has certain elements. These elements must be present in order for the contract to be valid, that is, legally binding on the parties. The elements of a contract are:

(A) an offer;

(B) an acceptance of that offer;

(C) consideration, that is, some form of value given in exchange for the promise;

(D) a mutual or reciprocal agreement; and

(E) a mutual or reciprocal obligation.

In this case, NACEPF claims that it entered into a contract with Carter Broadcasting. NACEPF claims that Carter Broadcasting has breached that contract, that is, Carter Broadcasting failed to perform that which Carter Broadcasting promised to do. NACEPF also claims that it has suffered some damage or harm as a result of Carter Broadcasting's breach. It is for you, the jury, to determine whether all of the necessary elements of a contract have been proved. Before Carter Broadcasting can be held liable for breach of contract, NACEPF must first prove that a contract existed.

14. OFFER

In order to form a contract, there must be an offer. An offer is simply some form of communication, made by one of the parties to the contract, in which that party presents or sets forth what it is that the party is proposing to do or have done.

In order for a communication to constitute an offer, that communication must be definite in that it sets forth the details of the promises which are to be exchanged between the parties. It must be sufficiently specific so that each of the parties to the agreement understands clearly that which each is obligated to do.

It is the one making the offer who controls the conditions and terms of the offer as well as of the other party's acceptance of that offer. In other words, the one making the offer not only sets the terms of what that party is proposing to do, that party also sets the terms and conditions of the other party's performance of the agreement – that is, the details of what the other person must promise to do in return.

In order to create a contract the offer must be accepted. Let us turn to the question of

"acceptance."

15. ACCEPTANCE

In order for a contract to be formed, the offer which is made must be accepted by the party to which the offer is made. The acceptance must be definite and unequivocal. It must be an absolute acceptance without conditions or qualifications. The acceptance must also be communicated clearly so that it is understood that the offer has been accepted. As a general rule, however, silence does not constitute an acceptance of an offer.

If the acceptance is not absolute but is qualified, that is, where it contains some condition or limitation and thereby changes the terms of the offer, it is not considered to be an acceptance. It is treated as a counteroffer. It is treated as a counteroffer because when a party to whom the offer is made responds to that offer by changing the terms of the original offer, that party has not accepted the offer. Where a party responds to an offer by changing the proposed terms of the contract, the party is in fact making a new offer, a counteroffer, which requires acceptance by the original offeror in order for a contract to be created. That acceptance, as you know now, must be definite and unequivocal. It must be communicated and must be absolute.

16. CONSIDERATION

An essential element of every contract is that of valid consideration. Consideration is the thing that makes an informal or casual promise a legally binding one. Consideration is a word we use in the law to mean remuneration, payment or compensation. Consideration is an exchange between the parties of something of value. Consideration does not necessarily take the

form of money or a fee. Consideration consists of some benefit which flows to one of the parties or some responsibility undertaken by the other. It can be some right or interest inuring to the benefit of one party or it can be some obligation, liability or burden assumed or undertaken by the other. Forbearance, that is, abstaining from or refraining from doing something can constitute consideration.

17. <u>MUTUALITY OF AGREEMENT</u>

Before a contract can be said to have been created, the agreement between the parties must be a mutual one. By that I mean that the parties must share a reciprocal desire to be legally bound by the terms of the contract. They must also have, of course, a meeting of the minds on the material terms of the contract and they must each agree to all of those terms. When I use the term "meeting of the minds" I simply mean that the parties to the contract each have a full understanding of what is required by the contract and of what is required of them under that contract. When I refer to the material terms of the contract I mean the important or substantial terms, that is, those terms which are more than mere inconsequential details.

18. <u>MUTUALITY OF OBLIGATION</u>

In order for a contract to be formed, there must exist what the law calls "mutuality of obligation." By this I mean that each of the parties to the contract becomes obligated to the other as a result of their relationship as parties to a contract. More simply put, a contract may not be one-sided. Each of the parties must take on some obligation to the other on account of their mutual agreement.

19. <u>IMPLIED CONTRACT/IMPLIED-IN-FACT</u>

An implied contract is a form of contract where the elements of the contract are found in and determined from the relations of and the communication between the parties, rather than from a single clearly expressed written document or oral agreement. An implied contract has the same effect as one clearly expressed in a written document or oral agreement.

In order to establish an implied contract, the same elements required to prove an express contract must be present. The only difference between the two forms of contracts, express and implied, is the way in which mutual assent is manifested. An implied contract arises where the intention of the parties is not affirmatively expressed, but there is an agreement implied or presumed from the conduct of the parties or where the circumstances and/or course of dealings establish a mutual intent on behalf of the parties to enter into a contract.

20. <u>EXISTENCE OF CONTRACT</u>

If, after reviewing the evidence you conclude that NACEPF and Carter Broadcasting did not form a contract, then Carter Broadcasting could not have breached a contract and your deliberations are at an end and you will render a verdict for the defendants. If, however, after reviewing the evidence you conclude that NACEPF and Carter Broadcasting formed a contract, the next thing you must consider is whether Carter Broadcasting breached that contract.

21. BREACH OF CONTRACT – DEFINED

A breach of contract is an unjustified failure to comply with a material or important term of a contract. A material term is an important term, or to put it differently, it is a term that if not complied with, will deprive the other party of the benefit that it bargained for under the contract.

22. TORTIOUS INTERFERENCE WITH CONTRACT – ELEMENTS

NACEPF also claims that Faith interfered with its contract with Carter Broadcasting. In order for NACEPF to prevail on its tortious interference with contract claim against defendant Faith, it must prove five elements by a preponderance of the evidence:

*First*, the existence of a contract between NACEPF and Carter Broadcasting,

*Second*, that defendant Faith knew of the contract,

*Third*, that defendant Faith intentionally and improperly interfered with the contract,

*Fourth*, the interference caused the harm sustained,

*Fifth*, damages to NACEPF.

NACEPF bears the initial burden of proving each element of the claim for intentional interference with contract. If NACEPF proves by a preponderance of the evidence each element, the burden shifts to Faith to prove that the interference was justified. In determining whether the interference was justified, consideration should be given to the nature of Faith's conduct, the interests of NACEPF allegedly harmed, and the relations between the parties. If you find first, that NACEPF has proven the elements of this claim, and second, that Faith acted without justification or for an improper purpose, you should find Faith liable for tortious interference with contract.

23. EXISTENCE OF A CONTRACT – TORTIOUS INTERFERENCE WITH CONTRACT

The first element that NACEPF must prove is that it had an existing contract with Carter Broadcasting. To prove this, NACEPF must show all the elements of a contract listed in instructions 13-18. If, however, you determine that NACEPF and Carter Broadcasting did not have a contract, then NACEPF cannot prevail on its tortious interference with contract claim against Faith.

24. KNOWLEDGE OF A CONTRACT – TORTIOUS INTERFERENCE WITH CONTRACT

NACEPF must prove that Faith knew of NACEPF's alleged contract with Carter Broadcasting. Faith is a corporation. A corporation can only act through its agents and employees. This means that if you find that an agent or employee of Faith knew of the contract, that knowledge is imputed to Faith.

25. CAUSATION – TORTIOUS INTERFERENCE WITH CONTRACT

As to the fourth element of the claim, the plaintiff must prove by a preponderance of the evidence that "but-for" Faith's interference, Carter Broadcasting would not have breached the contract.

26. CONSIDER DAMAGES ONLY IF LIABILITY IS PROVEN

I now turn to the question of damages. In doing so, this Court does not intend to indicate that it is of the opinion that either defendant is liable for damages. You are instructed on damages in order that you may reach a sound and proper determination of the amount you will award, if any, in the event that you find that either defendant is liable.

You need consider the question of damages only if you find that the plaintiff has proven its claim; for if you do not find a defendant liable, no award of damages can be made.

Damages must be proved. The burden of proof as to the existence and extent of damages is on the plaintiff. In other words, you may make an award for damages only to the extent that you find damages have been proven by a preponderance of the evidence. You may not base an award of damages or the amount of any such award on speculation or conjecture. You must base an award of damages on the evidence presented and on what you consider to be fair and adequate compensation for such damages as you find have been proved. In making an award of damages, it is required that you determine the precise amount to be awarded.

27. MITIGATION OF DAMAGES

The law imposes a duty on every injured person to take all reasonable steps to minimize his injuries. A plaintiff must therefore use reasonable efforts and ordinary care under the circumstances to reduce its damages, and a defendant is not liable for any additional harm which the plaintiff could have avoided.

28. BREACH OF CONTRACT - DAMAGES

If you find for NACEPF on its breach of contract claim, you may award damages. The plaintiff is entitled to recover the value of the bargain that was originally contemplated by the parties when they entered into the contract. You may award that amount of damages that will put the plaintiff in the same position it would have been in had the breach not occurred. You may also award such damages as you find NACEPF reasonably incurred to put itself in as good a position as if Carter Broadcasting had not breached the contract. The underlying rationale on a breach of contract action is to place the innocent party in the same position it would have been in if the contract had been fully performed.

29. TORTIOUS INTERFERENCE WITH CONTRACT - DAMAGES

If you find for NACEPF on its tortious interference with contract claim, you may award damages. NACEPF is entitled to recover the value of the bargain that was originally contemplated by NACEPF and Carter Broadcasting when they entered into the contract. You may award that amount of damages that will put the plaintiff in the same position it would have been in had the tortious interference not occurred. You may also award such damages as you find NACEPF reasonably incurred to put itself in as good a position as if Faith had not interfered with the contract.

30. DELIBERATIONS – GENERAL CONSIDERATIONS

Ladies and Gentlemen, in a moment I will dismiss you so that you may commence your deliberations. However, before I do that I need to give you some instructions about the procedures

you must use in the course of your deliberations.

As I said at the beginning of my instructions, it goes without saying that prejudice, sympathy, or compassion should not be permitted to influence you in the course of your deliberations. From what I have said I do not and did not mean to imply that you should approach your consideration of this case in an intellectual vacuum. You are not required to put aside or to disregard your experiences and observations in the ordinary, everyday affairs of life. Indeed, your experiences and observations in the ordinary, everyday affairs of life are essential to your exercise of reasonably sound judgment and discretion in the course of your deliberations; it is your right and duty to consider the evidence in the light of such experience and observations.

31. VERDICT – UNANIMITY & DUTY TO DELIBERATE

In order for you to return a verdict, your decision must be a unanimous decision, that is, all eight of you must concur in the decision. You cannot return a verdict, either for the plaintiff or for a defendant, unless and until you are in unanimous agreement as to what your verdict shall be.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide this for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to

prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

32. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

During your deliberations, if you need further instruction or assistance by the Court in any way, I ask that, through your foreperson, you reduce such requests or questions as you may have to writing. The foreperson may then hand such written requests or questions to the officer in whose charge you will now be placed. The officer will then bring such written requests to me and I will attempt to fulfill your request or answer the question as the case may be. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Finally, you are never to reveal to any person – not even to the Court – how you stand, numerically or otherwise, on the questions before you, until you have reached a unanimous verdict.