UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**CARTER BROADCASTING CORPORATION'S AND FAITH CHRISTIAN CENTER'S MOTION FOR AN AWARD OF COSTS**

Now come the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), and, as prevailing parties in the above captioned matter, request an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. In support of their motion, the defendants rely upon the attached proposed bill of costs and memorandum of law.

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

## CERTIFICATION

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 25th day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**CARTER BROADCASTING CORPORATION'S AND FAITH CHRISTIAN CENTER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN AWARD OF COSTS**

In support of their Motion for an Award of Costs, pursuant to Fed.R.Civ.P. 54(d), the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), state as follows:

## I. Introduction

On September 18, 2006, North American Catholic Educational Programming Foundation, Inc., ("NACEPF") filed a complaint in the underlying lawsuit against Carter, alleging breach of contract and against Faith, alleging tortious interference with a contract. A four day jury trial ensued from April 8, 2008 until April 11, 2008, with the jury finding for Carter and Faith. Judgment for Carter and Faith was entered on April 11, 2008. (*See* Judgment, attached as Exhibit "A"). As the prevailing parties, Carter and Faith now seek an award of costs pursuant to Fed.R.Civ.P. 54(d).

## II. The Legal Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "…costs…shall be allowed as of course to the prevailing party unless the court otherwise directs;…" Fed.R.Civ.P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. *28 U.S.C. § 1920*

Therefore, the term "costs" as used in Fed.R.Civ.P. 54(d) is defined by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987).

The Court may exercise discretion when awarding the prevailing party costs and reimbursement of expenses. *See In re: Fidelity/Micron Securities Litigation*, 167 F.3d 735, 736 (1st Cir. 1999). Additionally, the district court's discretion to deny recovery of costs that fall within the Rule 54(d) categories "operates in the long shadow of a background presumption favoring cost recovery for prevailing parties." *See Piester v. Int'l Business Machines Corp*, 1998 U.S.App.LEXIS 9771; citing *In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956 (1st Cir. 1993).

## III. <u>Carter and Faith are Prevailing Parties</u>

A prevailing party for purposes of Fed.R.Civ.P. Rule 54(d), "is a party in whose favor judgment is rendered. Traditionally, this means the party who won at trial." *Johnson v. The State of Rhode Island*, 2000 U.S. Dist. LEXIS 3773, *39; *citing West Pet Supply Co. v. Hill's Pet Products Division, Colgate-Palmolive Co.*, 153 F.R.D 667 (D.Kan. 1994). Pursuant to the jury verdict published on April 11, 2008 and subsequent Judgment entered on April 11, 2008, Carter and Faith are prevailing parties within the meaning of Rule 54(d).

## IV. <u>Costs Sought By Carter and Faith</u>

### A. Photocopies

Carter and Faith seek the award of costs for photocopies in the sum of $773.25. [1] The cost of copies may be taxed under 28 U.S.C. § 1920(4) if "necessarily obtained for use in the case." *Johnson v. The State of Rhode Island*, 2000 U.S. Dist. LEXIS 3773, *39; *citing Piester v. IBM Corp.*, 1998 U.S.App.LEXIS 9771, 1998 WL 1267929 at *2 (1st Cir.). Copies may be deemed necessary even if not used in the trial of the matter. *Id.*

The photocopies for which Carter and Faith seek to be reimbursed were necessary as they were to be used as exhibits at trial and for use in cross-examination of NACEPF's witnesses. Copies were also made for pretrial preparation of Carter and Faith's witnesses. Additionally, photocopies were made of documents requested by NACEPF during discovery. Finally, photocopies were made of documents to be used as exhibits during the deposition of NACEPF's president, John Primeau.

---

[1] A full itemization of all of Carter's and Faith's costs is attached as exhibit "B".

**B. Filing Fee**

The removal and filing fee in this matter of $ 350.00 is included in 28 U.S.C. § 1920(1) and should be allowed. *See Johnson v. The State of Rhode Island*, 2000 U.S. Dist. LEXIS 3773, 39.

**C. Deposition Transcripts and Trial Transcripts**

Carter and Faith seek to recover $1,300.00 for the stenographer's attendance fee and the cost of the original transcript and a copy for the deposition of NACEPF's president, John Primeau. This amount also includes the cost of Carter and Faith's copy of the deposition transcripts of Rev. David Marquard and Patricia Varner, Faith's president and station manager, and Kenneth Carberry and John Pierce Carter's president and former station manager. Carter and Faith also seek to recover $546.35 in costs for obtaining copies of the stenographic record of the plaintiff's opening statement at trial and trial transcript of the presentation of NACEPF's case. 28 U.S.C. § 1920(2) permits taxation as costs "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

Ordering John Primeau's direct testimony transcript was reasonable and important for Mr. Primeau's cross-examination at trial. During the trial, portions of Mr. Primeau's deposition transcript were read to Mr. Primeau to impeach his trial testimony. Portions of the deposition transcript of Rev. David Marquard were designated by NACEPF and cross-designated by Carter and Faith and read into the record during trial. The deposition transcripts of Patricia Varner, Kenneth Carberry and John Pierce as well as the trial transcripts were necessary for the preparation of trial and for closing arguments.

**D. Photographs**

Finally, Carter and Faith seek the reimbursement of costs associated with the copying of photographs to be used as exhibits at trial in the amount of $8.09. Costs for exemplification have been interpreted to include demonstrative evidence such as models, charts and photographs. *See Costs and Expenses in Federal Court*, 101 F.R.D. 553, 584-85.

## V. Conclusion

For the foregoing reasons, Carter and Faith request that this Court award them their reasonable and necessary costs.

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

## CERTIFICATION

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 25th day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\motmemlaw award costs