UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**CARTER BROADCASTING CORPORATION'S AND FAITH CHRISTIAN CENTER'S MOTION FOR AN AWARD OF REASONABLE ATTORNEY'S FEES**

Now come the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), and, as prevailing parties in the above captioned matter, request an award of reasonable attorney's fees pursuant to Rule 54(d)(2) and Rule 11 of the Federal Rules of Civil Procedure. In support of their motion, the defendants rely upon the attached memorandum of law and affidavits.

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was served electronically by CM/ECF to the following individuals on the 28th day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\Motion Award Attnys Fee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**CARTER BROADCASTING CORPORATION'S AND FAITH CHRISTIAN CENTER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN AWARD OF REASONABLE ATTORNEY'S FEES**

In support of their Motion for an Award of Reasonable Attorney's Fees, pursuant to Rule 54(d) and Rule 11 of the Federal Rules of Civil Procedure, the defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), state as follows:

## I. Background.

The underlying lawsuit in this matter arises out of a complaint filed on September 18, 2006, by North American Catholic Educational Programming Foundation, Inc., ("NACEPF") against Carter alleging breach of contract and against Faith alleging tortious interference with a contract. In their answer to the Complaint, Carter and Faith stated as an affirmative defense that "[t]he plaintiff's complaint should be dismissed and sanctions should be imposed against the plaintiff because the lawsuit was filed in violation of Rule 11 of the Federal Rules of Civil Procedure. The complaint is not factually well-grounded, not legally tenable and was interposed for an improper purpose

of harassing the defendants and causing them to incur time and legal fees in defending this frivolous and vexatious lawsuit. (*See* Defendants' Answer, attached as Exhibit "A", Eighth Affirmative Defense).

NACEPF failed to withdraw its complaint and a four day jury trial ensued from April 8, 2008 until April 11, 2008, with the jury returning a verdict for Carter and Faith. Judgment for Carter and Faith was entered on April 11, 2008. (*See* Judgment, attached as Exhibit "B"). Carter and Faith now seek an award of reasonable attorney's fee pursuant to Rule 54(d)(2) and Rule 11 of the Federal Rules of Civil Procedure as NACEPF's complaint was frivolous, lacked evidentiary support and was presented for the improper purpose of harassing Carter and Faith.

## II. <u>Legal Standard.</u>

### A. Rule 11 Attorney's Fees.

Rule 11 of the Federal Rules of Civil Procedure states in relevant part that, "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading…an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief…(1) it is not being presented for any improper purpose…(3) the allegations and other factual contentions have evidentiary support…*Fed.R.Civ.P. Rule 11*. The Eleventh Circuit has condensed the factors described above to three types of conduct that warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and, (3) when a party

files a pleading in bad faith or for improper purpose. *Mills v. Brown*, 372 F. Supp. 2d 683 (D.R.I. 2005); *citing Schramek v. Jones*, 161 F.R.D. 119, 120 (D. Fla., 1995).

To support a finding of frivolousness, some degree of fault is required, "but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual 'must, at the very least, be culpably careless to commit a violation. *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005). Rule 11 provides for a twenty-one day "safe harbor" in which the defendant may cure the alleged violation. *Fed.R.Civ.P. 11(c)(1)(A)*. However, courts have held that Rule 11's safe harbor provision is satisfied where counsel for the moving party warns the offending party in writing that sanctions will be sought. *Cardillo v. Cardillo*, 360 F.Supp.2d 402, 419 (D.R.I. 2005); s*ee also Barker v. Bank One, N.A.*, 1998 U.S. App. LEXIS 17834, 1998 WL 4664376 (6th Cir. 1998). In this matter, the defendants warned NACPEF in their answer that they would be seeking Rule 11 sanctions if the complaint was not withdrawn. (See Exhibit "A"). The complaint was not withdrawn and the defendants were burdened with the cost of attorney's fees for defending the frivolous action.

Finally, Rule 11 allows for the imposition of sanctions upon a **party** responsible for the rule's violation, provided that a represented party is not sanctioned for a violation of subsection (b)(2) involving unwarranted legal contentions. *Union Planters Bank v. L&J Development Company, Inc.*, 115 F.3d 378, 384 (6th Cir. 1997); *Fed.R.Civ.P.11(c), 11(c)(2)(A).* This is the case where the party is the "root cause of the violations." *Union Planters Bank*, 115 F.3d at 384. In this instance Carter and Faith seek that sanctions only be levied upon NACEPF and not upon NACEPF's counsel. Carter and Faith believe that

NACEPF and its principal, John Primeau, are the root of the violations that have occurred.

**B. Attorney's Fees Pursuant to the District Court's Inherent Power.**

The "American Rule" on fee-shifting generally prohibits a prevailing party from being awarded attorney's fees. *See Alyeska Pipeline Serv. v. Wilderness Soc'y*, 421 U.S. 240 (1975). However, an exception to this rule allows a district court to award attorney's fees to a prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dubois v. U.S. Dept. of Agriculture*, 270 F.3d 77 (1st Cir. 2001), *citing Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Further, "the imposition of sanctions in this instance transcends a court's equitable power concerning relations between parties and reaches a court's inherent power to police itself…" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). To invoke this exception under a claim of vexatious conduct a moving party must demonstrate that the losing party's actions were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Dubois v. U.S. Dept. of Agriculture*, 270 F.3d 77 (1st Cir. 2001).

III. **NACEPF Should Be Required to Pay Carter and Faith's Attorney's Fees As Its Conduct In Maintaining the Underlying Action Was Frivolous, Unreasonable and In Violation of Fed.R.Civ.P 11.**

Pursuant to the terms of the Asset Purchase Agreement signed by Carter and Faith, Carter was required to defend Faith against NACEPF's claims. (*See* Affidavit of Kenneth Carberry, attached as Exhibit "C", ¶ 4). Carter is seeking to be reimbursed $76,152.00 in attorney's fees that it was forced to expend defending an action that was frivolous, unreasonable and based on improper motive on the part of NACEPF. On April 11, 2008, after the jury had returned its verdict for the defendants and court had adjourned, John

Primeau ("Primeau"), president of NACEPF, approached Kenneth Carberry ("Carberry") and stated that "I [Primeau] would never have done all of this if it hadn't been for the church." (*See* Exhibit "C", ¶ 8). Primeau's statements confirmed what Carberry had always suspected, that NACEPF had brought its lawsuit against Carter and Faith purely out of his displeasure with the buyer and its religious denomination. Primeau's anger that WRIB 1220 was sold to Faith Christian Center, a non-denominational group, as opposed to a Roman Catholic organization like NACEPF, fueled NACEPF's actions in filing the complaint. (*See* Exhibit "C", ¶ 9). The above facts demonstrate NACPEF's improper and vexatious motive for filing the complaint and a basis for an award of attorney's fees to Faith and Carter.

Additionally, NACEPF had absolutely no reasonable factual basis to bring its complaint. The basis of NACEPF's claims against Carter and Faith was the existence of an alleged contract between NACEPF and Carter that was breached when Carter sold WRIB 1220 to Faith prior to the end of the alleged contract. NACEPF also alleged that Faith tortiously interfered with this contract. However, at the trial of this matter, Primeau, all but admitted that no contract had been created between NACEPF and Carter. The following exchange took place during the trial of this matter on April 9, 2008 during Primeau's cross-examination:

> Q. Mr. Primeau, the sole reason that you went down personally to WRIB in August of 1999 was to make a request to John Pierce that Carter Broadcasting enter into a signed written contract with NACEPF to somehow protect NACEPF's right to broadcast its programs in the event that there was a sale of the station?
>
> A. Yes.
>
> Q. And just so I'm clear in terms of the events, you conveyed that request orally to Mr. Pierce that very day; correct?

A. Yes. I had the check with me.

Q. And you had the check with you. All right. And you didn't know whether Mr. Pierce was going to say yes or no to your request, did you?

A. Of course not.

Q. And, in fact, we can agree that it's undisputed that Mr. Pierce said, I cannot provide you with that written contract?

**A. Yes, he said he could not get me a broadcast contract. Right.**

Q. And that was his specific response to your specific request; is that right?

A. That is correct.

(*See* April 9, 2008, trial transcript excerpt, attached as Exhibit "D", pp. 20-21, emphasis added).

The foregoing testimony indicates that Primeau was well aware that no contract had been formed between NACEPF and Carter. Instead, NACEPF chose to bring this lawsuit against Faith and Carter despite the lack of any reasonable factual basis because of anger that NACEPF's programming had been taken off the air. Tellingly, during the course of this litigation NACEPF refused to issue even a single settlement demand to Carter in an attempt to settle this matter.

Additionally, Primeau's testimony at trial also indicated that his claims against Faith were frivolous and unreasonable. The following exchange took place during the trial of this matter on April 9, 2008, during the cross-examination of Primeau and demonstrates that NACPEF possessed no knowledge or evidence that Faith had any knowledge of an alleged contract between Carter and NACEPF prior to the sale of WRIB 1220 from Carter to Faith:

Q. No, the question is, you do not have any knowledge of any document or communication that would show that Faith Christian knew about your position that you had a contract prior to July 6th of 2007?

**A. Not empirically.**

Q. Empirically means of your own personal knowledge, correct, something you've actually seen or heard?

A. I mean empirically is empirically. I would not empirically know that they had prior knowledge.

(April 9, 2008, trial transcript excerpt, attached as Exhibit "E", p. 46, emphasis added).

NACEPF's actions in bringing this frivolous lawsuit are in keeping with the litigiousness that Primeau has commented on in the past. For example, at trial Primeau boasted that NACEPF had previously sued Sprint. Similarly, this exchange took place at Primeau's deposition and reflects his enthusiasm for being a plaintiff in lawsuits:

Q. Okay. And I take it you've been deposed before; correct?

A. Certainly.

Q. And in what matters have you been deposed in?

**A. I've been deposed by Sprint Corporation.**

Q. Sprint?

……

Q. Do you anticipate being deposed in the Goldman Sachs matter?

**A. Absolutely.**

Q. Are you looking forward to it?

**A. I'm the plaintiff.**

**(**August 28, 2007, deposition of John Primeau, attached as Exhibit "F", pp. 17-18,empasis added).

As demonstrated above, NACEPF and Primeau filed and maintained a frivolous and unreasonable action based solely on spite against Carter and Faith forcing Carter to

expend $76,152.00 in attorney's fees to defend this action. All of the fees incurred by Carter were a direct result of NACEPF's Complaint which was frivolously and unreasonably filed and maintained also violated of Fed.R.Civ.P Rule 11.

**IV. Conclusion**

For the foregoing reasons, Carter and Faith request that this Court award them their reasonable attorney's fees.

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was served electronically by CM/ECF to the following individuals on the 28th day of April, 2008.

- Mark A. Pogue
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\Memo in Suppt Motion for Attnys Fees