UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS' ANSWER**
**TO THE PLAINTIFF'S COMPLAINT**

NOW COMES Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") also collectively referred to as ("the defendants") in the above-referenced matter and responds to the plaintiff's Complaint, paragraph by paragraph as follows:

1. Defendants admit the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of plaintiff's complaint.

3. Defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. Defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

North American Catholic Educational
Programming Foundation, Inc.

Vs. C.A. No.: 06-431/ML

Carter Broadcasting Corporation
and Faith Christian Center

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's Complaint and call upon the plaintiff to prove the same.

6. Defendants admit the allegations contained in paragraph 6 of plaintiff's Complaint.

7. Defendants admit that prior to 2006 Carter broadcast half-hour programs produced and supplied by NACEPF on the Station but defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of the plaintiff's Complaint and call upon the plaintiff to prove the same.

8. Defendants deny the allegations contained in paragraph 8 of the plaintiff's Complaint and call upon the plaintiff to prove the same.

9. Defendants admit that Carter charged NACEPF $28 per each half-hour program but Defendants are without knowledge or information sufficient to form a belief as to remaining allegations contained in paragraph 9 of the plaintiff's Complaint and call upon the plaintiff to prove the same.

10. Defendants admit that NACEPF issued to Carter a check in the amount of $14,560.00. Defendants deny the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendants admit that Carter and Faith negotiated for the sale of the Station during 2005 and 2006 but defendants are without knowledge or information

North American Catholic Educational
Programming Foundation, Inc.

Vs. C.A. No.: 06-431/ML

Carter Broadcasting Corporation
and Faith Christian Center

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the plaintiff's complaint and call upon the plaintiff to prove the same.

12. Defendants admit that Carter held NACEPF's check until it was cashed on June 26, 2006, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of plaintiff's Complaint and call upon the plaintiff to prove the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the plaintiff's Complaint and call upon the plaintiff to prove the same as the "Letter" speaks for itself.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's Complaint and call upon the plaintiff to prove the same.

15. Defendants admit that by July 10, 2006, Faith had terminated all broadcast activity at the station but defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the plaintiff's Complaint and call on the plaintiff to prove the same.

16. Defendants admit that Carter sent a check to NACEPF in the amount of $11,760.00 but defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the plaintiff's complaint and call upon the plaintiff to prove the same.

North American Catholic Educational
Programming Foundation, Inc.

Vs. C.A. No.: 06-431/ML

Carter Broadcasting Corporation
and Faith Christian Center

**COUNT I**

**(Breach of Contract Against Carter)**

17. Carter repeats and realleges its responses contained in paragraphs 1 through 16 of the plaintiff's Complaint and hereby incorporates them by reference.

18. Carter denies the allegations contained in paragraph 18 of plaintiff's complaint.

**COUNT II**

**(Tortious Interference with Contract Against Faith)**

19. Faith repeats and realleges its responses contained in paragraphs 1 through 16 and hereby incorporates them by reference.

20. Faith denies the allegations set forth in paragraph 20 of the plaintiff's complaint, mistakenly numbered as paragraph 19.

**FIRST AFFIRMATIVE DEFENSE – CARTER BROADCASTING CORP.**

By way of affirmative defense, Carter contends that Plaintiff has failed to state a claim upon which relief can be granted because because there was no "contract" as described in the plaintiff's complaint, between the plaintiff and Carter.

**SECOND AFFIRMATIVE DEFENSE – FAITH CHRISTIAN CENTER**

By way of affirmative defense, Faith contends that Plaintiff has failed to state a claim upon which relief can be granted because there was no "contract" as described in the plaintiff's complaint, between the plaintiff and Carter.

North American Catholic Educational
Programming Foundation, Inc.

Vs. C.A. No.: 06-431/ML

Carter Broadcasting Corporation
and Faith Christian Center

**THIRD AFFIRMATIVE DEFENSE**

Defendants assert as affirmative defenses estoppel, waiver and laches.

**FOURTH AFFIRMATIVE DEFENSE**

Without assuming the burden of proof, the plaintiff's complaint should be dismissed because there was never a contract between the parties requiring the defendant, Carter, to broadcast the plaintiff's radio program for a year.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that the plaintiff failed to mitigate its alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants assert as an affirmative defense the statute of frauds.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint should be dismissed because the plaintiff cannot demonstrate that it suffered any damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's complaint should be dismissed and sanctions should be imposed against the plaintiff because the lawsuit was filed in violation of Rule 11 of the Federal Rules of Civil Procedure. The complaint is not factually well-grounded, not legally tenable and was interposed for an improper purpose of harassing the defendants and causing them to incur time and legal fees in defending this frivolous and vexatious lawsuit.

North American Catholic Educational
Programming Foundation, Inc.

Vs. C.A. No.: 06-431/ML

Carter Broadcasting Corporation
and Faith Christian Center

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 831-7979 (FAX)
dmaglio@magliolaw.com

**CERTIFICATION**

To:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 10th day of October, 2006, I caused a true copy of the *Defendants' Answer to the Plaintiff's Complaint* to be mailed to the above-listed attorney.

/s/ David E. Maglio, Esq.
David E. Maglio, R.I. Reg. No. 3459

H:clients\Carter Broadcasting System\NACEPF\pleadings\answer