IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| * * * * * * * * * * * * * * * * | C.A. NO. 06-431ML |
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. * | |
| VS. * | APRIL 9, 2008 9:30 A.M. |
| CARTER BROADCASTING CORPORATION, et al * | |
| * * * * * * * * * * * * * * * * | PROVIDENCE, RI |

BEFORE THE HONORABLE MARY M. LISI,

CHIEF JUDGE

(Jury Trial)

E X C E R P T

APPEARANCES:

FOR THE PLAINTIFF: MARK A. POGUE, ESQ.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

FOR THE DEFENDANTS: DAVID E. MAGLIO, ESQ.
HILLARY J. GILES, ESQ.
David E. Maglio & Associates, PC
101 Dyer Street
Providence, RI 02903

Court Reporter: Karen M. Wischnowsky, RPR-RMR-CRR
One Exchange Terrace
Providence, RI 02903

A. That's the whole purpose of me paying him in advance. I want something that says through that date I would be protected.

Q. No, my question --

MR. POGUE: Excuse me, your Honor.

Q. My question is different.

THE COURT: Just a minute.

MR. POGUE: I think Mr. Primeau was cut off.

THE COURT: Mr. Primeau is not answering the question, which may be stricken.

Listen to the question, sir, and answer the question. Do not volunteer.

Q. Mr. Primeau, the sole reason that you went down personally to WRIB in August of 1999 was to make a request to John Pierce that Carter Broadcasting enter into a signed written contract with NACEPF to somehow protect NACEPF's right to broadcast its programs in the event that there was a sale of the station?

A. Yes.

Q. And just so I'm clear in terms of the events, you conveyed that request orally to Mr. Pierce that very day; correct?

A. Yes. I had the check with me.

Q. And you had the check with you. All right. And you didn't know whether Mr. Pierce was going to say yes

or no to your request, did you?
A. Of course not.
Q. And, in fact, we can agree that it's undisputed that Mr. Pierce said, I cannot provide you with that written contract?
A. Yes, he said he could not get me a broadcast contract. Right.
Q. And that was his specific response to your specific request; is that right?
A. That is correct.
Q. So before you had even gotten there --
A. What do you mean before? I'm there. You're asking if I'm there.
THE COURT: Mr. Primeau, let him finish the question. The jury will disregard.
Start again, Mr. Maglio.
MR. MAGLIO: Yes, Judge.
Q. Now, according to what I think I heard yesterday, when Mr. Pierce told you that he could not and would not give you that written contract, you did not protest in any way his decision; is that correct?
A. I'm not going to argue with somebody who's a manager who says he doesn't have the authority to do something.
Q. Well, he didn't say he didn't have the authority,