UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**OBJECTION TO TAXATION OF COSTS**

Pursuant to F. R. Civ. P. 54(d) and Local Rule LR Cv 54 (d), plaintiff North American Catholic Educational Programming Foundation, Inc. hereby objects to certain of the costs taxed by the Clerk in this matter.

In support of this objection, the Court is respectfully referred to the accompanying memorandum.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue

Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2008, a copy of the foregoing Objection was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**MEMORANDUM IN SUPPORT**
**OF OBJECTION TO TAXATION OF COSTS**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") submits this memorandum in support of its objection to certain of the costs taxed by the Clerk in this case on May 15, 2008.

**I. The Cost Of The Varner Transcript Should Not Be Allowed**

At Defendants' request, the Clerk has taxed $251.25 for the deposition transcript of Patricia Varner. This cost is not appropriate and should be disallowed.

The cost of a deposition transcript may be taxed if "necessarily obtained for use in the case." However,

> As the use of the deposition becomes further removed from its introduction in evidence, it is more difficult to predict whether a court will tax the expenses associated with a particular deposition…The cost of depositions that are simply investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2676 (emphasis added). Based on this principle, many courts have disallowed the costs of deposition transcripts where the transcript was not used at the trial and/or the deponent did not testify. See, e.g., Nelson v. Darrough, 120 F.R.D. 517, 519 (W.D. Ark. 1988) (disallowing cost of deposition transcripts not introduced at trial); Todd Shipyards Co v. Turbine Service Inc., 592 F.Supp. 380 (D.La. 1984) (costs of depositions taken solely for discovery disallowed); Oscar Gruss & Son v. Lumbermens Mut. Cas. Co., 46 F.R.D. 635 (S.D.N.Y. 1969) (cost of investigatory depositions not introduced at trial denied).

Here, the deposition transcript of Patricia Varner can only be described as investigatory or preparatory in character. Ms. Varner did not testify at the trial. Her deposition transcript was not introduced at the trial. No part of her deposition transcript was read into the record or used in any way at the trial.

Since the Varner deposition transcript was merely investigative or preparatory, its cost should not be taxed to NACEPF.

## II. The Cost Defendants' Counsel Paid To Obtain Daily Trial Transcripts Should Be Disallowed

At Defendants' request, the Clerk has taxed $546.35 in costs for obtaining daily copies of certain portions of the trial transcript. This cost is not appropriate and should be disallowed.

It goes without saying that "A daily transcript is far more expensive than a transcript produced at the end of the case." 3 Moore's Federal Practice, § 54.103[3][e]. Accordingly, courts examine closely whether a daily transcript was truly "necessarily obtained for use in the case." The courts have developed several guidelines in this area.

First, "Taxation will not be allowed if the transcript was procured primarily for counsel's convenience." Wright, Miller & Kane, supra at § 2677. Accord, Brumley Estate v. Iowa Beef

Processors, Inc., 704 F.2d 1362 (5th Cir. 1983) (disallowing daily transcript costs because costs were obtained merely for convenience of counsel); Chemical Bank v. Kimmel, 68 F.R.D. 679 (D.Del. 1975) (daily transcripts were not necessary in order to have the witness's exact words for closing argument, since attorney's notes should have been adequate). Second, taxing the cost of daily transcripts generally should be limited to cases where the trial has been long and complex. As this Court has stated:

> It is the general rule that where a trial is long and involves complex issues and a daily transcript is obtained, the prevailing party may be allowed the cost of one copy thereof.

Commerce Oil Refining Corp. v. Miner, 198 F.Supp. 895, 897 (D.R.I. 1961); accord, Dunn v. Merrill Lynch, Pierce, Fenner & Smith, 279 F.Supp. 937 (S.D.N.Y. 1968) (disallowing daily transcript cost because, inter alia, trial was of "short duration"); Federal Savs. & Loan Ins. Corp. v. Szarabajka, 330 F.Supp. 1202, 1209 (D. Ill. 1971) (disallowing daily transcript cost despite fact that trial was long and complex).

Application of these standards makes clear that Defendants' cost to purchase daily trial transcripts should not be charged against NACEPF. The daily transcripts were not necessary for the defense of this case; instead, they were obtained primarily for counsel's convenience. This is shown by the fact that the transcripts were not used in the case. No witness was cross-examined with the trial transcript. No part of the trial testimony was used in closing arguments.

The very short duration of this trial, and its simple, two-count structure, underscores that daily transcripts were not necessary. The trial lasted only three days. A total of four witnesses took the witness stand. Just two legal theories were advanced by NACEPF. Under these circumstances, it was not necessary for Defendants to purchase daily trial transcripts, and these costs should be disallowed.

## Conclusion

For the foregoing reasons, the Court should disallow the cost of the Varner transcript and the daily trial transcripts.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2008, a copy of the foregoing Memorandum In Support of Objection To Taxation of Costs was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue