UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OBJECTION TO TAXATION OF COSTS**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), submit the following Reply to the Plaintiff's North American Catholic Educational Programming Foundation, Inc., ("NACEPF") Objection to the Request for Taxation of Costs.

**I. The Clerk's Taxation Of Costs Was Proper**

The United States Supreme Court has observed that there is a presumption in favor of awarding costs to the prevailing party in a case. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 67 L. Ed. 2d 287, 101 S. Ct. 1146 (1986). Therefore, the unsuccessful party bears "some burden of showing circumstances sufficient to overcome the presumption." *Baez v. United States Dept. of Justice*, 221 U.S. App. D.C. 477, 684 F.2d 999, 1004 (D.C.Cir. 1982). The Court may exercise discretion when awarding the prevailing party costs and reimbursement of expenses. *See In re Fidelity/Micron Securities Litigation*, 167 F.3d 735, 736 (1st Cir. 1999). .

**A. Patricia Varner's Deposition Transcript Was A Proper Cost.**

Even when deposition transcripts are not introduced into evidence or used at trial, the Court has the discretion to tax the costs of transcript fees if there are "special circumstances" warranting this action. *Donnelly v. Rhode Island Board of Governors for Higher Education*, 946 F. Supp. 147, 152 (D.R.I. 1996). Special circumstances have been shown where the transcripts were necessary for purposes of cross examination of the adverse parties' witnesses. *Id*. The cost for Patricia Varner's deposition transcript is proper because it was obtained for the cross-examination of the plaintiff's witnesses , even though it was ultimately not "introduced or used" at trial.

**B. Costs Associated With Obtaining Portions Of The Daily Transcript Were Properly Taxed.**

To award the costs of daily transcripts, the court must find that they were "not obtained *primarily* for the convenience" of the parties but were "necessarily obtained for use in the case." *Holmes v. The Cessna Aircraft Co.,* (5th Cir. 1994), emphasis supplied. The defendants received only small portions of the daily transcript, namely the opening statements and direct examination of John Primeau. These portions of the daily transcript were not primarily for defendants' convenience but were necessary for the cross-examination of John Primeau. Additionally, these portions of the daily transcript were cited in the defendants' Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P 50.

**II. <u>NACEPF's Objection Is Untimely And Should Not Be Considered By The Court.</u>**

It is ironic that the plaintiff argues that the Court should exercise its discretion and accept its late filing when the plaintiff has argued, in response to the defendants' request for sanctions that this Court should refrain from exercising the same discretion due to the

defendants' alleged failure to file the motion one business day beyond the deadline. Frankly, where, as here, there is no prejudice to either party, the Court should allow both important pleadings to be decided on their substantive merits. However, since NACEPF has raised the issue of timeliness in a companion motion, the defendants have no choice but to raise it in this reply memorandum.

Rule 54(d)(1) of the Federal Rules of Civil Procedure authorizes the district court to review a cost award upon "motion served within 5 days" after the court clerk has taxed such costs. *Fed.R.Civ.P. 54(d)(1).* Assuming that plaintiff's "Objection to Taxation of Costs" can be categorized as a proper motion to review the taxing of costs, the plaintiff's motion is untimely and should not be considered by the Court. The costs were taxed by the court clerk on May 15, 2008 and notice of this taxing along with the bill of costs was forwarded to the plaintiff on the same date. However, the plaintiff's objection to taxation of costs was not filed until May 22, 2008, seven days after the costs were taxed by the clerk.

Courts have held that the failure to make a timely objection to a cost award constitutes waiver of the right to challenge the award. *See Walker v. State of California*, 200 F.3d 624 (9th Cir. 1999.) For example, the Seventh Circuit affirmed a district court's refusal to consider an appellant's motion for reduction of costs because the appellant had filed the motion after the five-day limit proscribed by Rule 54(d)(1). *See Rowe v. Maremont Corp*., 850 F.2d 1226, 1244 (7th Cir. 1988); *See also Raio v. American Airlines, Inc.*, 102 F.R.D. 608, 610 (E.D. Pa. 1984) (denying motion where it was filed six days late); *Delaware Valley Marine Supply Co. v American Tobacco Co.* (1960, ED Pa) 199 F Supp 560, 5 FR Serv 2d 847; *Fleet Inv. Co. v. Rogers,* 87 F.R.D. 537, 540 (W.D. Okla 1978), aff'd, 620 F.2d 792 (10th Cir. 1980).

Finally, it is no answer for the plaintiff to argue that the time limit proscribed by Rule 54(d)(1) is jurisdictional, permitting the Court to review the objection out of time as post-deadline extensions may be granted only for cause shown and upon motion. The plaintiff has not fulfilled the requirements set forth in Rule 6(b) and as such the plaintiff's objection should not be considered by the Court. *See Fed..R.Civ.P 6(b).* To be sure, the Court should not arbitrarily or without reason extend the time for an objection to the taxing of costs. *Person v. Omni International Hotel-Norfolk*, 106 F.R.D. 7, 8 (E.D. VI 1984).

**III. Conclusion.**

For the reasons set forth in Defendants' Memorandum of Law in Support of their Motion for an Award of Costs and this Memorandum in Reply to the Plaintiff' Objection to Taxation of Costs, and for those reasons to be offered at the hearing of this matter, these defendants hereby respectfully urge this Honorable Court to affirm the Clerk's Taxation of Costs in the amount of $2,977.69.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

## CERTIFICATION

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 11th day of June, 2008.

- Mark A. Pogue, Esquire
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

H:\clients\Carter Broadcasting\NACEPF\pleadings\Reply –Plts Obj to Costs