UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), submit the following Reply to the Plaintiff's Objection to Defendants' Motion for an Award of Reasonable Attorney's Fees pursuant to Rule 54(d) and Rule 11 of the Federal Rules of Civil Procedure.

## I. NACEPF Incorrectly Argues that the Defendants Filed their Motion Beyond the Applicable Fourteen Day Time Period.

Local Rule 54.1 must be read in conjunction with Fed.R.Civ.P. 6, entitled **Time**, which specifically provides as follows:

(a) **Computation.** In computing any period of prescribed or allowed by these rules, by the ***local rules of any district court***, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed.R.Civ.P. 6. (emphasis supplied.)

Judgment entered in favor of the defendants on Friday, April 11, 2008. The fourteen day period for filing the motion for attorneys' fees began to run on Saturday, April 12, 2008 and ended on Saturday, April 26, 2008. On its' face, Rule 6 extends the time period for filing from Saturday April 26, 2008 to Monday April 28, 2008, the day that the defendants' motion was filed.

**II. Carter and Faith's Failure to File a Motion Under The "Safe Harbor" Provision Of Fed.R.Civ.P. 11 Should Not Bar this Court's Consideration of the Merits of the Motion.**

In addition to the controlling case law, *Cardillo v. Cardillo*, 360 F.Supp.2d 402, 419 (DRI 2005), cited by the defendants' in their Memorandum in Support of An Award of Reasonable Attorney's Fees, which held that a defendant's technical noncompliance with Rule 11 did not bar his request for relief where the defendant's motion to remand and objection to defendant's removal included a request for Rule 11 sanctions, the defendants also wish to draw the Court's attention to the case law cited in *Cardillo* in support of the Court's ruling.

In *Barker v. Bank One, Lexington, N.A.*, 1998 U.S. App. LEXIS 17834, 1998 WL 466437 (6th Cir.), the Sixth Circuit affirmed the award of sanctions under Rule 11, where the defendants merely wrote to the plaintiff indicating that they would seek sanctions because of the "obvious frivolity" of the case. The court held that "the purpose of the safe harbor provision was complied with in this case by the warning letters [plaintiff] received" from the defendants. *Id.* at * 2.

Similarly, the Seventh Circuit approved such a warning letter and held that technical noncompliance with the safe-harbor provision was not a bar to Rule 11 sanctions. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003). *See also Walsh v. Mass. Bd. of Bar Exam'rs*, 2002 U.S.Dist LEXIS 6507 (D.Mass). The warning

contained in defendants' Answer to the plaintiff's Complaint that sanctions would be sought as a result of the plaintiff's frivolous and vexatious lawsuit is in compliance with the Rule 11 "safe harbor" provision. Here, the plaintiff failed to dismiss the lawsuit as requested by the defendants in their answer. During the litigation, he continued to demonstrate his single minded goal of "having his day in court". Mr. Primeau was unable to articulate the basis of his alleged damages to the mediator (Judge Lovegreen) and refused to issue a settlement demand, despite the Court's request that the parties engage in settlement discussions shortly before trial. Given Mr. Primeau's complete lack of interest in settlement, and his gusto for instituting litigation against people who do not see the world his way, it is beyond serious dispute that Mr. Primeau would have been persuaded to rethink his method of attack on the defendants. In this case, dismissing the defendants' motion for failing to comply with the "safe harbor" rules would be placing form over substance.

**III. The Denial of the Defendants' Motion For Summary Judgment Does Not Automatically Bar Defendants' Motion For Attorney's Fees.**

The plaintiff asserts in its Objection that a Rule 11 motion became **impossible** once NACEPF defeated defendants' motion for summary judgment. *See* Plaintiff's Objection, page 8, emphasis added. However, in *Muthig v. Brant Point Nantucket, Inc.*, the First Circuit held that it does not see "the summary judgment standard (based on filed documents) and Rule 11's standard (based on what reasonable inquiry should have revealed, perhaps about *other* information) as necessarily or inevitably congruent." *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 606 (1st Cir. 1988).

What the "other information" in this case has revealed is that NACEPF brought its lawsuit against Carter and Faith purely out of displeasure with Faith as the buyer of WRIB 1220, and its religious denomination and the shabby manner in which NACEPF

believes Faith treated it by "going dark" and not letting NACEPF stay on the air. Therefore, NACEPF's defeat of Defendants' motion for summary judgment should not be a bar to their motion for reasonable attorney's fees.

### IV. Assuming, *Arguendo*, That NACEPF's Complaint Was Grounded In Fact It Was Still Filed For An Improper Purpose.

Judge Selya, in a comprehensive analysis of the "old" and "new" version of Rule 11, pointed out that the "[r]ule contains not one, but two, grounds for sanctions: the "reasonable inquiry" clause, . . .[4] and the "improper purpose" clause. (citations omitted) *Lancellotti v. Fay,* 909 F.2d 15, 19 (1st Cir. 1990). However, sanctions can be imposed when either one of these clauses is violated. Further, and most importantly for this case, Judge Selya stated that "the amended Rule has rather consistently been read by federal appellate courts to reach groundless but "sincere" pleadings, ***as well as those which, while not devoid of all merit, were filed for some malign purpose***. " *Id.* at 18-19. (emphasis supplied.)

In the case of *Ballentine v. Taco Bell*, cited in the notes following Rule 11, the Court held that even though a pleading may have been well-grounded in law or fact, the fact that it was filed for an improper purpose violates Rule 11. *Ballentine v. Taco Bell*, 135 F.R.D. 117, (ED NC 1991). The defendants contend that this action was brought for an improper purpose, out of anger that WRIB 1220 was purchased by Faith, a non-denominational group, as opposed to a Roman Catholic organization like NACEPF. NACEPF's improper purpose is also evidenced by the fact that NACEPF failed to issue even one demand to the defendants in an attempt to settle this matter short of trial.

The plaintiff's interpretation of what John Primeau meant to express with his comments was that, "if Faith Christian Center had allowed WRIB broadcasters to remain on the air (as Faith initially told John Pierce it would), then it would not have disrupted

NACEPF's broadcast contract, obviating the need for legal action" makes absolutely no sense. *See* plaintiff's Objection, page 11. If NACEPF's programming had not been taken off the air, there would have been no need for legal action. To suggest otherwise would mean that Carter did not have the legal right to sell a radio station that it owned. The plaintiff's ridiculous explanation of John Primeau's comments only serves to bolster the defendants' position that Mr. Primeau misused the legal system to inflict a financial punishment on Carter and Faith. Further, John Primeau's statements to Kenneth Carter after the trial were in no way conciliatory but, like much of his rhetoric, purely inflammatory.

In analyzing NACEPF's purpose in suing Carter and Faith, this Court should also consider the fact that Mr. Primeau intentionally withheld a key piece of evidence that had been requested by the defendants in discovery – namely, the written contract that NACEPF entered into with WARL. This contract contained the very clauses that Kenneth Carberry and John Pierce Carter claimed, and John Primeau disputed, was standard in the industry – (1) the station owner had absolute control over programming content and (2) two weeks was the notice period that the owner would give the programmer before he terminated his programming. Mr. Primeau was not interested in this type of contract with Carter.

**I. The Plaintiff's Affidavit in Support of Its Motion For Attorney's Fees Supports the Reasonableness of Defendants' Counsel's Fees.**

The defendants to date have been unable to obtain a supporting affidavit regarding the reasonableness of its counsel's fees as the attorneys that have been approached to prepare this affidavit have all had conflicts due to a relationship with Attorney Pogue's law firm, Edwards, Angell, Palmer & Dodge, LLP. However, the Affidavit of Joseph Avanzato, which was filed by the plaintiff in support of the reasonableness of Attorney

Pogue's fees, also serves to support the reasonableness of defendants' counsel's fees. Mr. Avanzato states that a fee of $360.00 per hour is reasonable for the work performed by Attorney Pogue in this case. *See* ¶ 4 of the Affidavit of Joseph Avanzato. Therefore, the rate charged by Attorney Maglio in this matter of $250.00 and that charged by his associate and paralegal of $175.00 and $100.00, respectively, would also be more than reasonable for their work in this matter.

Although far from binding on this Court's decision, the Florida Fourth District Court of Appeal's opinion in *Island Hoppers, Ltd. v. Keith,*[1] 820 So. 2d 967 (Fla. 4th DCA 2002), offered insightful and relevant commentary on the requirement of expert evidence as to the reasonableness of attorneys' fees.

> "[T]rial judges have become highly experienced in all aspects of litigation, often with knowledge equal to, or in some cases far superior to, that of those attorneys who are called upon to provide expert testimony as "fees witnesses." Our trial judges see attorneys representing all levels of skill and experience in their courtroom; it is not uncommon for a trial judge to conduct multiple fee hearings practically every week. At the most basic level, we fail to see what, if any, "guidance" these "fees experts" actually provide to the well-versed trial judges of this state, who ultimately have the responsibility to determine, in their relatively unfettered discretion, whether the hours sought are reasonable, and what hourly fee(s) should be applied.
>
> * * *
>
> Attorneys' fees is the single most litigated issue in civil courts. As a result, trial courts are adept at handling this issue. After six months on the civil bench, a judge has heard enough testimony to qualify as an expert on the reasonable value of legal fees in his or her community. The trial judge has also had the benefit of observing the legal work first hand in the case in which fees are sought.

Again, with all due respect to the rules, it should be abundantly clear to this Court that the rates charged by defense counsel were reasonable and this Court is more than adept at deciding the amount of the fees that were reasonably related to the successful defense of this action.

[1] This case is being offered for its rationale and not as binding authority.

**V. Conclusion.**

For the reasons set forth in Defendants' Memorandum of Law in Support of their Motion for an Award of Reasonable Attorney's Fees and this Memorandum in Reply to the Plaintiff' Objection, and for those reasons to be offered at the hearing of this matter, these defendants hereby respectfully urge this Honorable Court to grant their Motion for an Award of Reasonable Attorney's Fees.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

## CERTIFICATION

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 11th day of June, 2008.

- Mark A. Pogue, Esquire
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

H:\clients\Carter Broadcasting\NACEPF\pleadings\Reply Memo re attnys fees.doc