UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO F. R. CIV. P. 11**

Pursuant to F. R. Civ. P. 11, plaintiff North American Catholic Educational Programming Foundation, Inc. hereby moves for sanctions against defendants Carter Broadcasting Corporation and Faith Christian Center, Inc.

In support of this motion, the Court is respectfully referred to the accompanying memorandum.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2008, a copy of the foregoing Plaintiff's Motion For Sanctions Pursuant To F. R. Civ. P. 11 was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SANCTIONS PURSUANT TO F. R. CIV. P. 11**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") submits this memorandum in support of its motion for sanctions against defendants Carter Broadcasting Corporation ("Carter") and Faith Christian Center, Inc. ("Faith") (collectively, "Defendants"). NACEPF seeks to recover the sum of $7,686 in attorney fees pursuant to this motion. Those are the fees which NACEPF incurred in responding to a "Motion For An Award Of Reasonable Attorney's Fees" (the "Motion") which Defendants filed against NACEPF on April 28, 2008. Defendants should be sanctioned pursuant to F. R. Civ. P. 11 because the Motion is frivolous; because the claims asserted within in are not warranted by existing law; and because the allegations and other factual contentions in the Motion have no evidentiary support.

## Factual Background

The events leading to the filing of this motion are described in the "Memorandum In Support Of NACEPF's Objection To Defendants' Motion For An Award Of Attorney Fees" (the "NACEPF Objection"), which NACEPF filed on May 19, 2008. NACEPF incorporates the "Factual Background" section of the NACEPF Objection by reference.

## Argument

The Motion is untimely and riddled with procedural defects. Its central thesis – that NACEPF filed this lawsuit because its president was "angry" at Carter for selling its radio station to a non-Catholic buyer -- is ridiculous and unsupported by any evidence in the record. Defendants' untimely, procedurally defective, and substantively bankrupt Motion should never have been filed, and NACEPF should never have been put to the expense of responding to it.

### I. A Party May Be Sanctioned For Filing A Frivolous Sanctions Motion

"An attorney or party may be sanctioned for filing a frivolous sanctions motion." 2 Moore's Federal Practice, § 11.22[1][d] (Matthew Bender 3d ed.) See, e.g., Robinson v. City of San Bernardino Police Dep't, 992 F.Supp. 1198, 1208 (C.D. Cal. 1998) (defendant was awarded costs of responding to plaintiff's frivolous request for sanctions). The text of Rule 11 itself provides that "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." F. R. Civ. P. 11(c)(2).

### II. Defendants' Motion Is Frivolous

Defendants' Motion is frivolous. It is untimely, procedurally defective, substantively baseless, and factually unsupported. The innumerable problems with the Motion are listed below.

1. The Motion is untimely. See NACEPF Objection, p. 3.

2. The Motion is defective because Defendants failed to follow the safe-harbor requirements contained in Rule 11. See NACEPF Objection, pp. 4-6.

3. The Motion is defective because the affirmative defense which supposedly constituted Defendants' compliance with the safe harbor provision does not specifically describe the conduct that allegedly violates Rule 11. See NACEPF Objection, pp. 6-7.

4. The Motion is defective because Defendants failed to file it promptly after discovery of NACEPF's allegedly inappropriate conduct. See NACEPF Objection, pp. 7-8.

5. The Motion is not viable because NACEPF defeated Defendants' summary judgment motion. See NACEPF Objection, pp. 8-9.

6. The Motion is not viable because NACEPF defeated Defendants' Rule 50 Motions. See NACEPF Objection, pp. 9-10.

7. The Motion is defective because Defendants did not provide a proper supporting affidavit, as required by the Local Rules. See NACEPF Objection, pp. 10.

8. The Motion is substantively baseless. There is absolutely no evidence that NACEPF filed this action because of John Primeau's "anger" at Carter's choice of a buyer for WRIB, as Defendants allege. See NACEPF Objection, pp. 10-12. The fact that NACEPF pursued this action even though i) Carter's John Pierce could not provide a written broadcasting contract to NACEPF, and ii) Faith did not know prior to July 6, 2007 about NACEPF's contract with Carter, do not reflect bad faith or an improper motive on the part of NACEPF. Rather, they reflect Defendants' misunderstanding of the legal issues in this case. See NACEPF Objection, pp. 12-13.

**III. This Court Should Award NACEPF The Reasonable Fees And Expenses It Has Incurred In Resisting The Motion**

NACEPF has incurred $ 7,686 in attorneys fees in resisting the Motion. In conformance with Local Rule CV 54.1, NACEPF has submitted herewith an affidavit attesting to the reasonableness of the rate charged by NACEPF's counsel, and an affidavit which sets forth the information required by Local Rule CV 54.1(b). Because Defendants' motion is frivolous, the Court should direct Defendants to reimburse to NACEPF the attorney fees NACEPF has incurred in responding to the Motion.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2008, a copy of the foregoing Memorandum In Support of Plaintiff's Motion For Sanctions Pursuant To F. R. Civ. P. 11 was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue