UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith"), hereby object to Plaintiff's Motion for Sanctions Pursuant to F.R.Civ.P. 11.

In support of their objection, the defendants rely on the attached Memorandum of Law.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 27th day of June, 2008.

- Mark A. Pogue, Esquire
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. No.: 06-431/ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants*. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS**

The defendants, Carter Broadcasting Corporation ("Carter") and Faith Christian Center ("Faith") (collectively, "the defendants"), submit the following memorandum in support of their objection to plaintiff's motion for sanctions pursuant to F.R.Civ.P. 11. Plaintiff, North American Catholic Educational Programming Foundation, Inc.'s ("NACEPF") motion for sanctions should be denied because Defendants' Motion for an Award of Reasonable Attorneys' Fees ("Motion"), is warranted by existing law and by the evidence.

**Background**

The events surrounding plaintiff's motion for sanctions and the defendants' objection are detailed in Defendants' Memorandum of Law in Support of Their Motion for an Award of Reasonable Attorneys' Fees and the Defendants Reply Memorandum in Response to Plaintiff's Objection to Defendants' Motion for an Award of Reasonable Attorneys' Fees ("Reply Memorandum"), which the defendants filed, respectively, on

April 28, 2008 and June 11, 2008. The defendants incorporate these memoranda herein by reference.

## Argument

### I. The Defendants' Motion Is Supported By Existing Law And Is Warranted By The Evidence

This action was instituted by the plaintiff for an improper purpose, namely out of anger that WRIB 1220 was purchased by Faith, a non-denominational group, as opposed to a Roman Catholic organization like NACEPF. This sentiment was expressed to Kenneth Carberry by John Primeau at the end of the trial. The plaintiff's lame excuse for Mr. Primeau's comments serves only to reinforce the defendants' Motion. The plaintiff's improper purpose is also evidenced by the fact that NACEPF failed to issue even a single demand to the defendants in an attempt to settle this matter short of trial. The grounds for denying plaintiff's motion for sanctions are set forth below.

1. The defendants' Motion is timely. *See* Reply Memorandum, pp. 1-2.
2. The defendants complied with the safe harbor provisions of Rule 11 and any failure to do so should not bar the Court's consideration of the Motion on the merits. *See* Reply Memorandum, pp. 2-3.
3. The language contained in the defendants' answer to the plaintiff's complaint as an Eighth Affirmative Defense, specifically describes the conduct that violated Rule 11. The defendants' state in their Answer that, "[t]he complaint is not factually well-grounded, not legally tenable and was interposed for an improper purpose of harassing the defendants and causing them to incur time and legal fees in defending this frivolous and

vexatious lawsuit." The defendants requested that the plaintiff dismiss the lawsuit, and the plaintiff failed to do so. *See* Reply Memorandum, p. 3.

4. The denial of the defendants' motion for summary judgment does not automatically bar the defendants' motion for attorneys' fees. *See* Reply Memorandum, pp. 3-4.

5. The plaintiff's Affidavit in Support of Its Motion for Attorney's Fees supports the reasonableness of defendants' counsel's fees. Additionally, this Court is more than adept at deciding the amount of the fees that were reasonably related to the successful defense of this action. *See* Reply Memorandum, pp. 5-6.

6. The defendants' Motion contains claims and legal contentions which are warranted by law and which have evidentiary support. *See* Reply Memorandum, pp. 4-5.

**Conclusion**

The defendants' Motion is in conformity with the standards set forth in Rule 11 and, therefore, the defendants request that this Honorable Court deny the plaintiff's motion for sanctions.

Respectfully submitted,

CARTER BROADCASTING
CORPORATION and FAITH
CHRISTIAN CENTER

By their Attorneys,

DAVID E. MAGLIO & ASSOCIATES,
P.C.

/s/ David E. Maglio, Esq.
David E. Maglio, #3459
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
Tel: (401) 831-5400
Fax: (401) 831-7979
dmaglio@magliolaw.com

**CERTIFICATION**

I hereby certify that an exact copy of the within document was filed by CM/ECF to the following individuals on the 27th day of June, 2008.

- Mark A. Pogue, Esquire
  Edwards Angell Palmer & Dodge, LLP
  2800 Financial Plaza
  Providence, RI 02903
  mpogue@eapdlaw.com

/s/ David E. Maglio, Esq. (R.I. Reg. No. 3459)

h:\clients\carter\nacepf\pleadings\Defs Obj to Plts Rule 11 Motion.doc