UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**REPLY TO DEFENDANTS' OBJECTION**
**TO PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF") herewith replies to the Defendants' objection to NACEPF's motion for sanctions.

## Background

NACEPF moved for sanctions against Defendants, pursuant to F. R. Civ. P. 11, in response to a motion for attorney fees filed by Defendants which was untimely, procedurally defective and baseless on the merits. Defendants filed an opposition brief ("Def. Mem.") which defended the propriety of their motion for attorney fees. This reply responds to Defendants' opposition brief.

## Argument

### I. Defendants' Motion Is Untimely

The second-most remarkable aspect of Defendants' opposition is their disingenuous attempt to defend the timeliness of their filing for attorney fees. Defendants argue as follows:

"The fourteen day period for filing the motion for attorneys' fees began to run on Saturday, April 12, 2008 and ended on Saturday, April 26, 2008." Def. Mem., p. 2.

Calculating the due date for Defendants' attorney fee motion is a simple matter. Yes, the 14-day period began to run on Saturday, April 12. And since the first day was Saturday, April 12, the 14th day was Friday, April 25. The "weekend rule" which Defendants rely on (contained in F. R. Civ. P. 6(a)) never comes into play.

In short, Defendants' motion for fees is untimely, and should be denied on that basis alone.[1]

## II. Defendants Failed To Observe The Safe Harbor Requirements Contained In Rule 11

In their opposition papers, Defendants acknowledge that they failed to comply with the procedural requirements of Rule 11. They cite several cases from other jurisdictions in hopes that this Court will excuse their lapse by following those non-binding decisions.

What is most remarkable about Defendants' discussion of the safe harbor rule is their blatant flouting of F.R.E. 408, which is intended to protect the confidentiality of settlement discussions. At page three of their opposition brief, Defendants purport to characterize what John Primeau said and did during the confidential settlement discussion in this case convened by Magistrate Judge Lovegreen.[2] This recitation violates F.R.E. 408 and is obviously completely improper. It reflects yet another rule broken by Defendants in their bad faith effort to disparage Mr. Primeau and tax NACEPF with their attorney fees. NACEPF is moving separately to have this improper material stricken from Defendants' brief. In addition, NACEPF asks the Court to

[1] Because the calculation is so simple, NACEPF submits that Defendants knew their motion was out of time, but filed it anyway in the hope that no one would notice.

[2] At page four of their brief, Defendants include another improper reference to NACEPF's position concerning the settlement of this matter.

consider Defendants' breach of F.R.E. 408 as another reason why sanctions should be imposed on Defendants.

**III. Defendants' Excuse For Failing To Comply With The Local Rules Concerning The Reasonableness Of The Rate Their Attorneys Charged Is Not Convincing-**

Defendants acknowledge that they also failed to comply with Local Rule 54.1(b)(2) in connection with their motion for fees. They seek to excuse their non-compliance by piggy-backing on the affidavit presented by NACEPF in support of NACEPF's motion for sanctions. See Def. Mem. at 5-6.[3]

The presumptuousness of Defendants' position is apparent. At the time their motion for attorney fees was filed, Defendants had no idea that NACEPF would respond with a Rule 11 motion that included a supporting affidavit as to the rates charged by NACEPF's counsel. Having overlooked or decided not to bother complying with Local Rule 54.1(b)(2) themselves, Defendants now seek to use NACEPF's later-filed affidavit to retroactively correct their failure to follow the Local Rule.

Of course, the system doesn't work this way. Local Rule 54.1(b)(2) makes clear that each party submitting a claim for attorney fees must submit an affidavit demonstrating the reasonableness of the rate claimed. "Any parties who fail to observe local rules of the district in which they practice do so at their own peril." Ashley v. Paramount Hotel Group, Inc., 451 F. Supp2d 319, 323 (D.R.I. 2006).

[3] The excuse Defendants offer is that "the attorneys that have been approached to prepare this affidavit [regarding the reasonableness of the rates charged by Defendants' counsel] have all had conflicts due to a relationship with Attorney Pogue's law firm, Edwards, Angell, Palmer & Dodge, LLP." Def. Opp., p. 5. This excuse is difficult to swallow. Do Defendants actually expect the Court to believe that they could not locate a single lawyer willing to execute an affidavit attesting that $250/hour is a reasonable rate? Either Defendants simply overlooked the local rule requiring the submission of such an affidavit, or they didn't try very hard to obtain one.

## Conclusion

Defendants have failed to explain away the multitude of problems with their motion for attorney fees. In fact, by divulging events that occurred during the parties' confidential settlement discussions, Defendants have now dug themselves an even deeper hole.

NACEPF should never have been put to the expense of responding to Defendants' untimely and defective motion for attorney fees, or to its opposition brief. NACEPF should never have been compelled to move to strike Defendants' disclosure of confidential settlement matters. For all of these reasons, NACEPF's motion for sanctions should be granted.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2008, a copy of the foregoing Reply To Defendants' Objection To Plaintiff's Motion For Sanctions was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue