UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC. | : | |
| *Plaintiff* | : | |
| VS. | : | C.A. 06-431ML |
| CARTER BROADCASTING CORPORATION and FAITH CHRISTIAN CENTER | : | |
| *Defendants.* | : | |

**MOTION TO STRIKE**

Plaintiff North American Catholic Educational Programming Foundation, Inc. ("NACEPF"), hereby moves to strike a portion of the document filed in this case on June 11, 2008 captioned "Defendants' Reply Memorandum In Response To Plaintiff's Objection To Defendant's Motion For An Award Of Reasonable Attorney's Fees" (the "Reply"). As shown below, this document purports to characterize settlement discussions that occurred between the parties in this case. It therefore violates Rule 408 of the Federal Rules of Evidence and should be stricken.

**Background**

At the conclusion of this litigation the defendants in this case, Carter Broadcasting Corporation and Faith Christian Center, Inc. ("Defendants") filed a motion for attorney fees against NACEPF (the "Motion"). The Motion argued that NACEPF filed this action for an improper purpose. Because the Motion was untimely, procedurally defective and baseless on the merits, NACEPF objected to the Motion.

In their Reply, Defendants continue their efforts to impugn the motivation of NACEPF's president, John Primeau, for bringing the action. In so doing, Defendants purport to characterize what happened, and what was said, during a settlement conference convened in this case by Magistrate Judge Lovegreen. Reply, p. 3. At another point in the Reply, Defendants assert: "NACEPF's improper purpose is also evidenced by the fact that NACEPF failed to issue even one demand to the defendants in an attempt to settle this matter short of trial." Reply, p. 4.

**Argument**

Rule 408 of the Federal Rules of Evidence bars the use of evidence of "conduct or statements made in compromise negotiations" when such evidence is offered "to prove liability for… a claim that was disputed." Here, there is no question that Defendants have presented evidence of "conduct or statements made in compromise negotiations." They have purported to relate what happened at the settlement conference convened by Magistrate Judge Lovegreen, and they have related NACEPF's purported failure to issue a settlement demand at any time during the case. In addition, there is no question that Defendants have offered this evidence "to prove liability for … a claim that was disputed" – namely, Defendants' disputed claim that they are entitled to recover their attorney fees from NACEPF.

Defendants have therefore violated the basic and familiar rule that "[e]vidence of conduct or statements made in compromise negotiations is… not admissible." American Bridge Company v. Providence Place Group LP, 263 F. Supp.2d 330, 335 (D.R.I. 2003).

The cited portions of Defendants' Reply should be stricken, and given no consideration by this Court. On the other hand, NACEPF requests that this Court explicitly consider Defendants' violation of Rule 408 in ruling on NACEPF's pending motion for sanctions. Defendants' violation of Rule 408 is just the latest addition to a long list of rules they have

broken in their quest for attorney fees against NACEPF.[1] NACEPF should never have been put to the expense of responding to Defendants' defective motion for attorney fees, and should never have been compelled to file this motion to rectify Defendants' breach of Rule 408.

**Conclusion**

For the foregoing reasons, NACEPF's motion to strike should be granted.

NORTH AMERICAN CATHOLIC
EDUCATIONAL PROGRAMMING
FOUNDATION, INC.

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue #3441
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2008, a copy of the foregoing Motion To Strike was served by ECF to the following counsel of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

/s/ Mark A. Pogue

[1] The other rules Defendants have broken include Local Rule 54.1(a), Local Rule 54.1(b)(2), and F. R. Civ. P. 11. These violations have been discussed by NACEPF in prior filings.